[No. 9,176.  In Bank.—March 17, 1884.]

GEORGE C. BODE ET AL., APPELLANTS, v. LOUIS F. HOLTZ, ASSESSOR, ETC., RESPONDENT.

TAXATION — WAREHOUSEMAN — ASSESSMENT. — An assessor may demand of a warehouseman, who has in his possession personal property of another subject to taxation, the name of the owner and a description of the property. If this be refused, it is the duty of the assessor to note the refusal upon the assessment book, and make an estimate of the value of the property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

It was averred in the complaint that the plaintiffs were warehousemen in the city of San Francisco; that on the 5th of March, 1883, they had on storage in their several warehouses large quantities of goods in unbroken and unopened packages, many of which were consigned from foreign countries to citizens of San Francisco, and of which the plaintiffs were mere depositaries for hire, and for which they had issued receipts which were negotiable and assignable, and that they were unable to state the names of the owners of the property. They refused to answer the following question of the assessor: " What property have you on storage in your warehouses, or either of them, belonging to persons other than yourselves, and what are the names of such persons, and describe the property belonging to such persons?" The assessor then threatened to note the refusal upon the assessment book, and estimate the value and assess it to the plaintiffs. This suit is for an injunction to prevent these threatened acts of the assessor. A general demurrer to the complaint was sustained and judgment rendered for defendant.

John H. Dickinson, for Appellants.

William Craig, for Respondent.

The COURT.—The complaint shows upon its face that the plaintiffs, at 12 o'clock M. on the first Monday in March, 1883, had in their possession some personal property belonging to citizens of the city and county of San Francisco which was subject to taxation, and that after demand made upon them by the assessor of

that city and county they refused to disclose the names of the owners or the description of the property. The law made it the duty of the plaintiffs to furnish the assessor with a statement of the property in their possession. (Pol. Code, § 3629.) Failing in that regard, the assessor was authorized and required by section 3633 of the same Code to note such refusal on the assessment book, and to make an estimate of the value of the property.

Judgment affirmed.