[L. A. No. 760.   In Bank.—July 20, 1900.]

## C. HENNE, Appellant, v. COUNTY OF LOS ANGELES, Respondent.

ACTION TO RECOVER TAXES PAID UNDER PROTEST—FAILURE TO DEDUCT MORTGAGE FROM ASSESSMENT OF LAND—INSUFFICIENT COMPLAINT—NEGLECT OF PLAINTIFF.—A complaint in an action against a county to recover taxes paid under protest, by reason of nondeduction of a mortgage to the regents of the state university from the total value of the property, which does not state the value of the property, nor show that a statement of plaintiff's property was demanded by or given to the assessor, and which shows that the plaintiff neglected to make any demand upon the assessor for a deduction from the assessment until after the work of the assessor had been performed, and he had lost jurisdiction to correct it, and also that he neglected to apply to the supervisors for a reduction of the assessment until after they had lost jurisdiction of the matter, states no cause of action.

APPEAL from a judgment of the Superior Court of Los Angeles County.   D. K. Trask, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

James C. Rives, District Attorney, and Curtis D. Wilbur, Chief Deputy, for Respondent.

VAN DYKE, J.—The court below sustained defendant's demurrer to the complaint, and, the plaintiff declining to amend, judgment was entered thereon in favor of defendant, and the question presented on this appeal is as to the sufficiency of the complaint.

Among other things, it is alleged that the plaintiff is the owner of certain property in the city of Los Angeles known as the Henne block, and that for the fiscal year 1888-89 the assessor of Los Angeles county assessed said property for the sum of ninety-six thousand five hundred and thirty dollars.   It is also alleged that on the first day of March, 1898, and for more than a year prior thereto, there was, and still is, a mortgage

against said property executed by the plaintiff to the regents of the University of California for the sum of thirty-five thousand dollars, and that no payment had been made on said mortgage. It is further alleged that no deduction was made or credit given by the said assessor upon said assessment on account of said mortgage for said fiscal year. The plaintiff further avers in his complaint that on the twenty-third day of July, 1898, he made a demand in writing upon the said assessor that he correct said assessment by deducting from the value of the said property assessed to plaintiff and affected by said mortgage the value of said security; that said assessor neglected and refused to make such correction or deduction; that thereafter, on the third day of November, 1898, the said plaintiff filed his verified petition before the board of supervisors of said defendant county requesting said board to correct, or order to be corrected, upon the assessment-roll of said defendant county, the assessment of the plaintiff, by deducting from the value of said property, as assessed to plaintiff and affected by said mortgage, the value of such security, and that said board of supervisors thereafter denied said petition. It is then averred that plaintiff paid the taxes under protest and presented a verified demand in writing to the board of supervisors of Los Angeles county for the sum claimed to have been overpaid, to wit, four hundred and sixty-six dollars and sixty-six and two-thirds cents, and that said board of supervisors rejected said plaintiff's claim.

There is no averment in the complaint that the assessor failed to make a demand on the plaintiff as a taxpayer for a statement of his property as required by law, nor is there any averment that the plaintiff as a taxpayer made and delivered to the said assessor a statement under oath.

By the constitution, article XIII, section 4, the value of property affected by a mortgage, with certain exceptions, is to be assessed and taxed to the owner of the property, less the value of said security, and the value of such security shall be assessed and taxed to the owner thereof. In this case the mortgage or security, being the property of the state, was exempt from taxation, and could not be assessed. Still, as was held in *People v. Board of Supervisors*, 77 Cal. 136, the value of such security should be deducted from the total value of the property. This

value, however, depended upon what remains still due upon the debt and mortgage, and this fact the record of the mortgage would not disclose. Had the plaintiff furnished the assessor a statement of his property, it would have enabled him then to make a deduction. This not having been done, the plaintiff was furnished an opportunity to have the correction made by applying to the assessor prior to the time when the assessment-roll is required to be passed over to the board of supervisors. The allegation in the complaint is that he applied to the assessor on the twenty-third day of July, 1898, which was some time after the work of the assessor had been delivered to the board of supervisors, as required by law. (Pol. Code, secs. 3652, 3655, 3656, 3672.) The assessor, at the time the application was made, had no jurisdiction in the premises, and could not make any correction if any mistake had been made in his assessment. It is also alleged in the complaint that the plaintiff thereafter, on the 3d of November, filed his verified petition with the board of supervisors to have the correction made. This was also after the board of supervisors had lost jurisdiction of the matter. (Pol. Code, sec. 3682.)

The value of the property, aside from the assessment, is not stated in the complaint, and for aught that appears, the assessment may have been for the value of such property over the amount of the mortgage. But, however that may be, for an overvaluation of the assessment of property belonging to a taxpayer a remedy is furnished him by statute, as already shown, first by an application to the assessor at any time before it passes out of his hand to the board of supervisors, and thereafter to the board of supervisors until the assessments have been equalized and the matter has gone beyond their control. As was said in *Osborn v. Danvers*, 6 Pick. 98: "But great mischiefs would follow if we were to hold that an excess of valuation would render an assessment illegal and void. And it is immaterial whether the excess is caused by including in the valuation property of which the person taxed is not the owner, or that for which he is not liable to be taxed. In both cases the remedy is the same. . . . . His only remedy is application for abatement. For when a new right is created by statute, which at the same time provides a remedy for any infringement of it,

that remedy must be pursued." It was the fault of the plaintiff himself in this case that he did not obtain relief by one or the other of the modes indicated, inasmuch as his application was too late in both cases.

Judgment affirmed.

Harrison, J., McFarland, J., and Temple, J., concurred.

Rehearing denied.