[Civ. No. 219.    Second Appellate District.—May 16, 1906.]

## TITLE GUARANTY AND TRUST COMPANY, Respondent, v. COUNTY OF LOS ANGELES, Appellant.

TAXATION—ASSESSMENT OF MONEY HELD IN ESCROW BY TRUST COMPANY.—Money held in escrow by a title guaranty and trust company, as agent or trustee for the owners and purchasers of various tracts of land whose title it had been employed to pass upon, to be paid to the owners or returned to the purchasers, with deduction of charges, according to the result of the search, and deposited by it in a commercial bank, was properly assessable for taxation to such company alone, in the absence of information to the assessor of the names of the beneficiaries or various parties interested in the fund.

ID.—DEDUCTION ON ACCOUNT OF DEBTS DUE NOT ALLOWED.—The property so taxed to the trust company was not subject to any deduction on account of debts due to the beneficiaries. Its obligation to the various parties interested in the fund was not that of a debtor, but of agent or trustee of the various parties interested in the fund.

ID.—OPPORTUNITY TO CORRECT ASSESSMENT.—The failure of the assessor to designate the principals or beneficiaries did not invalidate the assessment, since the trust company had the opportunity of correcting the assessment, if in any way harmful to it, by application to the assessor, while the assessment-roll was in his hands, and afterward by application to the board of equalization which had power to correct it, or to transfer the whole amount taxed to the several parties interested in the fund.

ID.—RELIEF AFTER PAYMENT OF TAX.—It was not material that the trust company had no opportunity to apply to the board of supervisors until after its property was levied upon and the tax paid under protest. The board could grant all the relief that it was entitled to, so as to show the parties ultimately liable for the tax, as effectually after payment as before.

APPEAL from a judgment of the Superior Court of Los Angeles County.    D. K. Trask, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney General, J. D. Fredericks, District Attorney, and W. P. James, Deputy District Attorney, for Appellant.

John D. Pope, for Respondent.

SMITH, J.—This is a suit to recover taxes paid under protest. The case—as shown by the admitted allegations of the complaint and stipulation of the parties—is: A verified statement of property for taxation for the year 1904, showing deposits to the amount of $3,650, and no more, had been given in to the assessor by the plaintiff; and afterward there was included in the plaintiff's assessment by the assessor the following item: "Escrow money in Merchants' National Bank, $55,000." The latter amount was held by the plaintiff as agent or trustee for the owners and purchasers of various tracts of land (twenty-two in number) whose titles it had been employed to pass upon—and was to be paid to the owners, or returned to the purchasers (with deduction of charges), according to the result of the search.

The question involved is, whether this property was assessable to the plaintiff; and this question, we think, must be answered in the affirmative. The money was undoubtedly in the possession and control of the plaintiff as agent or trustee of the various parties interested in it. It was, therefore, the duty of the plaintiff to return it in its statement, and the duty of the assessor to assess it to the plaintiff, or the equitable owners, if accessible. (Pol. Code, secs. 3628, 3639; *People* v. *National Bank of D. O. Mills & Co.,* 123 Cal. 52, [69 Am. St. Rep. 32, 55 Pac. 685] ; *Bode* v. *Holtz,* 65 Cal. 106, [3 Pac. 495].)

In the case of *Weyse* v. *Crawford,* 85 Cal. 196, [34 Pac. 735], it was indeed held that goods on storage in a warehouse, for which warehouse receipts had been issued, were not subject to what is called an *arbitrary* assessment to the warehouseman under the provisions of section 3652 et seq. of the Political Code. But this did not affect the right and duty of the assessor to assess this property as required by section 3628 of that code. (*People* v. *National Bank of D. O. Mills & Co.,* 123 Cal. 52, [69 Am. St. Rep. 32, 55 Pac. 685].) The case is also different from this in other essential circumstances;

for here the property assessed was not tangible property that could have been assessed to unknown owners and seized and sold by the assessor, but was a fund consisting of credits due from the bank to the plaintiff, over which it had in fact absolute control as agent or trustee of the parties interested in the fund.

Nor was the property taxed subject to any deduction on account of debts due from the plaintiff. Its obligation to the various parties interested in the fund was not that of debtor, but of agent or trustee. Hence, had the facts been disclosed to the assessor by the plaintiff, as under the provisions of section 3629 they should have been, the assessment should have been made to it as agent or trustee of the various parties interested in the fund. (Pol. Code, sec. 3639.) But in the absence of this information, the assessor had no other resource than to assess the property to the plaintiff, as required by section 3628, as agent or trustee of parties unknown to him, which he in effect did. Nor are we prepared to hold that, under the circumstances, the failure of the assessor to designate the plaintiff's principals or beneficiaries was sufficient to invalidate the assessment. It had the opportunity of correcting the defect, if in any way harmful to it, by application to the assessor while the assessment-roll was still under his control, or afterward by application to the board of equalization, which had power to correct the plaintiff's assessment, either by adding the names of the parties ultimately liable, or by transferring the whole amount taxed to the assessments of the several parties interested in the fund. (Pol. Code, sec. 3681; *Henne* v. *County of Los Angeles,* 129 Cal. 297, [61 Pac. 1081].)

Nor do we think it material that the plaintiff had no opportunity of applying to the board of supervisors until after its property was levied upon and the tax paid under protest. All the relief it was entitled to was to have the assessment corrected so as to show the parties ultimately liable, and this could have been done by the supervisors as effectually after payment as before.

The judgment is reversed and the cause remanded, with directions to enter judgment for the defendant.

Allen, J., and Gray, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 15, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 13, 1906.