## Farmers' National Bank of Somerset v. Board of Supervisors of Pulaski County, et al.

(Decided June 27, 1928.)

### Appeal from Pulaski Circuit Court.

1   Taxation.—Where taxpayer failed to comply with Ky. Stats., secs. 4120, 4123, relative to filing complaint with board of supervisors before appeal to quarterly court as provided by section 4128, neither quarterly court nor circuit court on appeal therefrom acquired jurisdiction to correct assessment in action for that purpose.

2.  Taxation.—Entry of default judgment in taxpayer's action to reduce assessment for state and county taxes held not, under Civil Code of Practice, sec. 367a, to preclude court from setting aside such judgment on ground that taxpayer had failed to comply with provisions of Ky. Stats., secs. 4120, 4123, requiring complaint to board of supervisors before appealing to quarterly court in accordance with section 4128.

3. Courts.—Jurisdictional question can be raised at any time during pendency of action.

4. Judgment.—Court may, for good and sufficient reasons, set aside default judgment at term at which it was rendered.

W. B. MORROW for appellant.

R. C. TARTAR for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In this action the Farmers' National Bank of Somerset is seeking to reduce its assessment for state and county taxes for the year 1924. The county and circuit court of Pulaski county have decided against its contention, and it has appealed from the judgment of the latter court. The first, and in view of our conclusions the only necessary, question to be considered is jurisdictional. Defendants in their answer in the circuit court alleged that the record there filed as the basis of the appeal was a copy of the assessment list made by the tax commissioner as recorded in the assessor's book of Pulaski county for the year 1924, and that no record had been filed purporting to show any action upon the part of the board of supervisors. It being further alleged that no application was ever made by the bank to the board of supervisors for reduction of such assessment and that in fact the matter was never before the board in any way. The allegations of this answer were not controverted, and there is no evidence to the contrary, indeed the evidence shows that the list was made by the tax commissioner; and two witnesses testify without contradiction that the matter was not presented to the board, though there is some question as to whether the latter evidence was properly introduced.

Section 4120, Ky. Statutes, authorizes the board of supervisors to increase or decrease any list appearing upon the assessor's book upon clear and unmistakable evidence; and to correct the assessor's book to conform to their finding. Section 4123 authorizes the board of supervisors to hear all complaints and to pass upon the assessment of all taxpayers. Section 4128 provides:

"Any taxpayer feeling himself aggrieved by the action of" the state "board of supervisors may appeal to the quarterly court within thirty days after the final adjournment of said board by filing

with the judge of said court a certified copy under the hand of the clerk of said board of the action of the said board. He shall have the right to appeal from the decision of the quarterly court to the circuit court and then to the court of appeals in the same manner that the law now allows appeals in civil cases.''

It thus appears that the power to increase, decrease, or correct an assessment made by the tax commissioner is lodged in the board of supervisors, subject to the right of appeal to the quarterly court, and that the jurisdiction of the quarterly court is limited to an appeal from the board of supervisors. Taking the uncontroverted allegations of the answer as true, we may without reference to the evidence assume that no action was taken on this matter by the board of supervisors. It follows that the appeal from the assessment made by the tax commissioner to the quarterly court was unauthorized, and for this reason neither that court nor the circuit court on the appeal to it acquired jurisdiction to correct the assessment. Appellant, however, insists that the matters were waived in the circuit court by the laches of appellee. In this respect it appears that the appeal was filed in January, 1925, and the parties brought before the court. No steps of any kind were taken in the case until February, 1926, at which time a default judgment was rendered for the appellant. Later at the same term of court this judgment was set aside and a new trial granted, after which the answer mentioned above was filed by defendant, and appellant argues that under the Practice Act, section 367a, Civil Code, the answer and all other motions and proceedings subsequent to the default judgment should have been denied by the court. We do not think this position tenable. A jurisdictional question can be raised at any time during the pendency of the action, and also the court may for good and sufficient reasons set aside a default judgment at the term at which it was rendered. Certainly a jurisdictional question is sufficient to authorize the trial court to set aside a default judgment, and the court did not err in so doing.

Wherefore, perceiving no error, the judgment is affirmed.

Whole court sitting.