[Civ. No. 7270. Second Appellate District, Division Two.—December 27, 1932.]

S. W. STRAUS & COMPANY (a Corporation), Appellant, v. COUNTY OF LOS ANGELES (a Body Corporate and Politic), Respondent.

O'Melveny, Tuller & Myers and Pierce Works for Appellant.

Everett W. Mattoon, County Counsel, and Gordon Boller, Deputy County Counsel, for Respondent.

THOMPSON (IRA F.), J.—This action was commenced to recover $14,607.96, being the amount of taxes paid under protest. Judgment went for the defendants and this is an appeal therefrom.

The facts giving rise to the question may be recited as follows: On the first Monday in March, 1926, the appellant had in its possession certain bonds and interim certificates which had been deposited with it for safekeeping by patrons residing in the county of Los Angeles. Shortly after that date a deputy assessor called at appellant's office and upon an examination of its books noticed an item "Bonds in safe keeping". Straus & Co. gave a statement of its own taxable property and a description of the bonds deposited with it, as already mentioned, but in response to the request of the deputy for the names and addresses of the owners of the particular bonds, the tax upon which is herein involved, it declined to give the information and told the deputy "they could not afford to give the names of the customers because if they did it would 'bust them up in business' ". The county assessor told the representatives of the appellant that if they failed or refused to furnish the names of the

owners of the bonds he would be obliged to assess them to appellant as agents or trustees, having the property in possession. He accordingly placed a value upon the bonds and interim certificates in the sum of $394,810, designating that they were "bonds in possession belonging to others". It is not argued that the valuation placed upon the bonds is other than a reasonable cash value.

The appellant insists that the assessment of the bonds and interim certificates was illegal and void for the reason that the assessor had no right to tax upon the theory of possession when it was made clear to him that possession was not accompanied by ownership. It relies in particular upon the case of *Weyse* v. *Crawford,* 85 Cal. 196 [24 Pac. 735], a case which it is said "is in all essentials controlling as to the law applicable to the facts" of the instant case. Weyse and the other plaintiffs were the owners of a warehouse, and in response to the demand of the assessor they gave him a statement of the taxable property belonging to them and a description of the quantity and character of the property stored with them so far as the quantity and character was known, but the plaintiffs explained that they had issued negotiable warehouse receipts and they could not give him the names of the persons to whom the stored property belonged for the reason that they had no way of determining the owners. The assessor then assessed "Miscellaneous merchandise and grain in Naud's warehouse, fifty thousand dollars", and opposite the item the deputy made the following notation: "Neglected to return statement as required by section 3633'." The tax upon the foregoing property was charged against the real property of plaintiffs and they brought an action to enjoin its sale on the theory that the assessment was void. The court upheld the plaintiffs in their contention, determining that it was the duty of the assessor under the particular facts of that case to assess the property to the unknown owners; that it was not true that the plaintiffs had refused to give a statement; that their possession of the property was not accompanied by "the usual marks and indications of ownership" and therefore was not assessable to them. In *People* v. *National Bank of D. O. Mills & Co.,* 123 Cal. 53 [55 Pac. 685, 69 Am. St. Rep. 32, 45 L. R. A. 747], at page 58, it is said with reference to *Weyse* v. *Crawford, supra:* "It holds

that the assessor cannot make an assessment which shall not be revisable by the board of equalization unless the taxpayer has refused to make out his list under oath or had refused to comply with some other requirement of the law." This interpretation of *Weyse* v. *Crawford* received approval in the case of *Rosasco* v. *County of Tuolumne*, 143 Cal. 430 [77 Pac. 148], at page 435. In an earlier case, that of *Bode* v. *Holtz*, 65 Cal. 106 [3 Pac. 495], the owners of a warehouse not only refused to disclose the description of the property but also the names of the owners. The assessor estimated the value of the property and assessed it to the owners of the warehouse, the plaintiffs in that action. The court says: "The law made it the duty of the plaintiffs to furnish the assessor with a statement of the property in their possession. (Pol. Code, sec. 3629.) Failing in that regard, the assessor was authorized and required by section 3633 of the same code to note such refusal on the assessment-book, and to make an estimate of the value of the property." An action to enjoin the threatened acts of the assessor was determined in his favor upon a general demurrer to the complaint. At this juncture it is well to note that section 3629 of the Political Code makes it the duty of the person in possession of property to file a statement of his assessable property with the assessor between the first Mondays in March and July of each year, and also "at any time during, before or after such dates furnish such information or records for examination as may be required by the assessor to make a proper assessment"; and with this thought in mind, we are brought to a consideration of the case of *Title Guaranty etc. Co.* v. *County of Los Angeles*, 3 Cal. App. 619 [86 Pac. 844]. There the plaintiff had in its possession or rather on deposit in a bank $55,000, which sum had been placed with the plaintiff for the owners and purchasers of various tracts of land whose titles it had been employed to pass upon, and which sum was to be paid to the owners or returned to the purchasers with deduction of the charges of the plaintiff according to the result of the search. The trial court determined, in an action to recover taxes, that the fund was improperly assessed to the plaintiff as "Escrow money in Merchants' National Bank, $55,000", but the judgment was reversed, the court saying, "The money was undoubtedly in the posses-

sion and control of the plaintiff as agent or trustee of the various parties interested in it. It was, therefore, the duty of the plaintiff to return it in its statement, and the duty of the assessor to assess it to the plaintiff, or the equitable owners, if accessible. (Pol. Code, secs. 3628, 3639 [*sic*]; *People* v. *National Bank of D. O. Mills & Co.*, 123 Cal. 53 [55 Pac. 685, 69 Am. St. Rep. 32, 45 L. R. A. 747]; *Bode* v. *Holtz*, 65 Cal. 106 [3 Pac. 495].)'' In its opinion the court also said: ''Nor was the property taxed subject to any deduction on account of debts due from the plaintiff. Its obligation to the various parties interested in the fund was not that of debtor, but of agent or trustee. Hence, had the facts been disclosed to the assessor by the plaintiff, as under the provisions of section 3629 they should have been, the assessment should have been made to it as agent or trustee of the various parties interested in the fund. (Pol. Code, sec. 3639 [*sic*].) But in the absence of this information, the assessor had no other recourse than to assess the property to the plaintiff, as required by section 3628, as agent or trustee of parties unknown to him, which he in effect did. Nor are we prepared to hold that, under the circumstances, the failure of the assessor to designate the plaintiff's principals or beneficiaries was sufficient to invalidate the assessment. It had the opportunity of correcting the defect, if in any way harmful to it, by application to the assessor while the assessment-roll was still under his control, or afterward by application to the board of equalization, which had power to correct the plaintiff's assessment, either by adding the names of the parties ultimately liable, or by transferring the whole amount taxed to the assessments of the several parties interested in the fund. (Pol. Code, sec. 3681; *Henne* v. *County of Los Angeles*, 129 Cal. 297 [61 Pac. 1081].) Nor do we think it material that the plaintiff had no opportunity of applying to the board of supervisors until after its property was levied upon and the tax paid under protest. All the relief it was entitled to was to have the assessment corrected so as to show the parties ultimately liable, and this could have been done by the supervisors as effectually after payment as before.''

 While it is true that the case from which we have just quoted is distinguishable from the present one in this: that the legal title to the money in the former was actually

in the plaintiff, nevertheless the assessment to the plaintiff was sustained upon the broad principle that it was the duty of the plaintiff to furnish the assessor with sufficient information in its possession to enable the assessor "to designate the plaintiff's principals or beneficiaries". So here, as we have already observed, it was the duty of the plaintiff under section 3629 to furnish the assessor with information in its possession; failing which the assessor might properly assess the property to the plaintiff as agent for unknown parties which he in effect did by adding the clause "bonds in possession belonging to others".

It is well to note that the duty upon the person in possession to furnish the assessor with all the required information is imposed by section 3629 and is not dependent upon the issuance of a subpoena under section 3632 of the Political Code.

Judgment affirmed.

Craig, Acting P. J., and Stephens, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 23, 1933.