THE COUNTY OF BERGEN, PLAINTIFF-RESPONDENT, v. ENGLEWOOD TITLE GUARANTEE AND TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 11, 1935—Decided May 8, 1936.

Before Brogan, Chief Justice, and Justices Lloyd and Donges.

For the plaintiff-respondent, *Walter G. Winne.*

For the defendant-appellant, *Cohen & Klein (Louis J. Cohen,* of counsel).

Per Curiam.

A judgment of the District Court for the Fifth Judicial District (Bergen county), in favor of the plaintiff, is before us for review.

The defendant is a banking institution and undertook, in conformity with section 8 of the statute (New Jersey Bank Stock Tax act, chapter 265, *Pamph. L.* 1918; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3562, § 208-500a(8) to have assessed to and in its name the entire taxable value of all the shares of stock therein instead of having same assessed against the individual owners thereof, and promised to pay such tax. The institution suspended business on March 1st, 1933, was taken over by the commissioner of banking and insurance on March 1st, 1934, and its affairs administered by the commissioner under the jurisdiction and control of our Court of Chancery later in that year. The plaintiff's claim is for the amount of this tax for the year 1934. The claim was resisted upon the theory that if the commissioner in charge of the defendant bank, paid this tax there was no property of the individual stockholders of the institution from which he might be reimbursed. This contention has no merit, the question raised by the appellant having been, in our judgment, entirely settled by the case of *Ferguson* v. *Fidelity Union Trust Co.,* 24 *Fed. Rep.* (2d) 521.

The appellant further contends that the tax is too high; that if any tax was payable it should have been for a lesser amount, on the theory that the amount of the tax was not computed in accordance with the true value of the shares of stock. This likewise has no merit. The tax apparently was ascertained when a statement showing the amount of the capital, surplus, and undivided profits, &c., was filed with the Bergen county tax board by the bank's treasurer. The amount of the tax cannot be attacked collaterally. Certainly the District Court has no jurisdiction to review a tax assessment, and the time for appeal through the regular tribunals has passed.

We agree entirely with the comprehensive memorandum filed by Judge Lloyd of the District Court.

The judgment will be affirmed.