INSURANCE EXCHANGE BUILDING et al., Appellants, v. BOARD OF SUPERVISORS et al., Appellees.

No. 45669.

NOVEMBER 18, 1941.

REHEARING DENIED MARCH 20, 1942.

·Allan W. Denny and Clark, Byers & Garber, for appellants.

Charles Hutchinson, Francis J. Kuble, County Attorney, James P. Irish, and Howard M. Hall, for appellees.

WENNERSTRUM, J.—■ Plaintiffs, in an action for mandamus, sought to require the Board of Supervisors of Polk County, Iowa, to approve a refund of taxes claimed to have been excessively paid on the property known as the Insurance Exchange Building in Des Moines. The taxes in question cover the 1937 taxing period and were paid under protest in 1938. The defendants asserted, by way of defense, that a decree obtained in another action and covering the assessment period beginning January 1, 1938, estopped plaintiffs from further protesting as to the 1937 taxes. The trial court dismissed plaintiffs' petition, holding that the matter now in controversy had been submitted and determined by the district court in its decree relative to the 1938 taxes. The plaintiffs have appealed.

We shall not set out the facts relative to prior litigation pertaining to the 1937 tax assessments in Des Moines in this opinion. However, for a more detailed résumé of the assessment and taxing difficulties growing out of the 1937 assessments in Des Moines, reference is here made to the following case: State of Iowa v. Local Board of Review, 225 Iowa 855, 283 N. W. 87.

The Insurance Exchange Building was originally assessed for the 1937 taxing period at a valuation of $548,670. In June 1937 the city council of Des Moines, acting as a board of review, reduced all properties in the particular taxing district in which the Insurance Exchange Building is located in the amount of 7½ percent of their original assessment. This proportionate reduction of the valuation reduced the taxable value of the Insurance Exchange Building to $507,517.

During the year 1937, certain appeal proceedings were com-

menced before the state board of assessment and review relative to the general mode and manner of assessments in Des Moines. This board made an order relative to the several taxing districts and ordered a reduction in valuation in the particular zone or district in which the property in question is located in the amount of 18.91 percent. The board of review refused to comply with this order of the state board but made a further general reduction of 7 percent on all properties in the city which reduced the assessment valuation on the property in question for the year 1937 to $471,993.

These plaintiffs paid the 1937 taxes, payable in the year 1938, on the basis of the valuation of $471,993. This payment, however, was made under protest. In the year 1938 the interested plaintiffs protested to the local board of review as to the valuation of $471,993 placed on the property for the assessment period from and after January 1, 1938. An appeal was made to the local board of review relative to the 1938 valuation. However, this appeal was denied by that board and a further appeal was taken to the district court where a decree was entered on December 20, 1938, fixing the valuation of the Insurance Exchange Building at $405,000 for 1938 and subsequent years during the assessment period. No mention was made in the decree as to any change in the assessed valuation of this property for the year 1937.

The refusal of the board of review, previously referred to, to comply with the orders of the state board of assessment and review resulted in the litigation which received the consideration of this court in the case of State v. Local Board of Review, supra. As a result of our holding in that case a writ of mandamus was finally issued which compelled the carrying out of the provisions of the order of the state board of assessment and review. The assessor of the city of Des Moines in complying with the original order of the state board of assessment and review, and as required by the mandamus proceedings, fixed the valuation of the Insurance Exchange Building as of January 1, 1937, at $411,548. Following the placing of this last valuation the plaintiffs protested to the local board of review as to this valuation and that board granted a further reduction and the valuation for taxing purposes was placed at $405,000

as of January 1, 1937. The record shows that this last valuation was placed on the assessor's books and on the tax lists for the year 1937 on or about July 1, 1939, which was after the date when the final writ of mandamus was issued in regard to the original general order of reduction as made by the state board of assessment and review.

The plaintiffs seek a refund on the taxes they paid for the year 1937 on the taxable valuation of $471,993, which payment was made under protest. The plaintiffs have heretofore filed a petition for refund with the Board of Supervisors of Polk County, Iowa, for the amount of tax paid which they claim is in excess of the amount due on a valuation of $405,000 for the taxable period of 1937. This claimed refund for the amount asserted to have been excessively paid is made under the provisions of section 7235 of the 1939 Code, which is as follows:

"7235 Refunding erroneous tax. The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon."

The board of supervisors refused to act on plaintiffs' petition for a refund and plaintiffs have brought this action, seeking by a writ of mandamus to require the board to approve the refund claimed and to further require the county auditor to issue the warrant in payment of the amount claimed to have been excessively paid.

It was apparently the contention of the defendants in the district court in this present litigation that, by reason of the decree entered relative to the 1938 valuation, the plaintiffs are now estopped to litigate the question of the 1937 valuation. There has been certified to this court the decree in the litigation relative to the 1938 valuation and from our study of it, we have reached the conclusion that the decree applied only to the 1938 valuation. Appellants do not concede that they are estopped by reason of the decree as to the 1938 valuation but maintain that this last mentioned decree has no application to the matter in controversy. In their brief they make the following statement:

"In addition, it is the contention of the plaintiff that any

evidence relating to the decree above mentioned is redundant matter and irrelevant and immaterial to every issue in this case, as it is the taxes for the year 1937 only that are involved. The taxes for the year 1937 were not involved in the litigation in which the decree above mentioned was entered, and therefore that decree could not apply as an estoppel for the recovery of the refund due on the 1937 taxes. The 1937 taxes were not a part of the subject matter of that litigation and there was no intentional abandonment of an existing right by the plaintiffs, so no estoppel could operate on that basis. This is particularly true when we consider that no right to protest arose until there was a final and complete legal assessment from which to pro-test, until August, 1939."

It is the contention of the appellants that they should be benefited by any reduction made in the valuations for 1937, and put in effect in 1939, by reason of the general order of the state board of assessment and review and their further appeal to the board of review made in 1939 relative to the 1937 valuation. They call our particular attention to section 6943-c27 (9) of the 1935 Code, now section 6943.026 of the 1939 Code. The section in the 1935 Code, to which reference has been made, gives the state board of assessment and review certain powers, and subsection 9 thereof gives authority to that board "to raise or lower the valuation of any piece of property in any taxing district when in their judgment it is necessary, to the end that all property shall be valued and assessed in the manner and according to the real intent of the law, * * *." In this last subsection just referred to, provision is made as to the giving of notice to taxing districts if a proposed change of valuation is contemplated and the hearing was provided for. It is not contended that these plaintiffs sought by reason of this section any individual relief as to the particular property in question in any proceedings before the board of assessment and review. It perhaps should be here stated that the 47th General Assembly (1937) amended subsection 9 of section 6943-c27, above referred to, by striking out the words "to raise or lower the valuation of any piece of property in any taxing district when, in their judgment, it is necessary."

The plaintiffs did not in any manner, as far as the record shows, appeal to the local board of review as to the 1937 assessment other than as heretofore stated. No appeal was taken to the district court from the 1937 valuation of $471,993 as placed by the board of review in 1937. It is our conclusion that inasmuch as no such action was taken the plaintiffs waived their right to a further revaluation and cannot now seek any refund of the 1937 taxes by reason of the proceedings growing out of the order of the state board as to general revaluations in Des Moines for the year 1937. In this connection we here quote from the case of Griswold L. & C. Co. v. County of Calhoun, 198 Iowa 1240, 1242, 201 N. W. 11, 12, where we said:

"The board of review in cities and towns is the city council. In case the assessed value of any specific property or the entire assessment of any person, partnership, or corporation is raised, or new property added by the board of review, notice shall be given thereof, and time allowed within which complaint may be made before that tribunal. Section 1372, Code of 1897.

"Any person aggrieved by the action of the assessor in assessing his property may complain orally or in writing to the board of review, and if relief is not granted by such board, may appeal to the district court. Section 1373, Code of 1897.

"The provisions herein referred to will be found in Chapters 342 and 343 of the Code of 1924.

"Section 1417, so far as material to the matters involved in this controversy, is as follows:

"'The board of supervisors shall direct the treasurer to refund to the taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid, with all interest and costs actually paid thereon.'

"It thus appears that the authority of the board of review is plenary to correct errors in the classification and assessment of property and to increase or diminish the valuation fixed by the assessor. A tribunal having been created by the legislature and invested with power to hear certain complaints and grievances in the listing and assessment of property, its jurisdiction in all such matters is exclusive of all other remedies allowed by law, except as hereafter shown. * * *.

"The failure of a person aggrieved by the assessment of

his property to appear before the board of review and make complaint waives his right to subsequently complain of any irregularity in the listing and assessment thereof. * * *. The attempt of the county treasurer to collect a void tax may, however, be enjoined by a court of equity. * * *.

"The jurisdiction of the board of supervisors to order a refund of taxes paid is limited to such as have been erroneously or illegally exacted by the county treasurer. * * *."

In Security Trust & Savings Bank v. Mitts, 220 Iowa 271, 287, 288, 261 N. W. 625, 633, we also said:

"* * *. Under the laws of this state, an administrative tribunal, the local board of review, is especially provided to take care of grievances such as wrongful classification of property for the purpose of taxation, and our court has held on numerous occasions that this remedy of making objections to the local board of review, and taking an appeal from an adverse ruling by such board to the district court, is the exclusive remedy. * * *.

"And it is only when the error or illegality which invalidates a tax is found in the action of such board itself, or in the want of authority to levy the tax or to make the assessment, whereby the tax is not a lawful charge against the taxpayer, that the taxpayer can resort to remedies other than that of appearing before the board of equalization and appeal to the district court. * * *."

See also First National Bank v. Board of Review, 199 Iowa 1124, 1125, 201 N. W. 769; First National Bank v. Board, 200 Iowa 131, 132, 204 N. W. 223.

In State of Iowa v. Local Board of Review, supra, comment is made relative to the stricken portion of the 1935 Code and we there held that the several paragraphs in 6943-c27 of the 1935 Code as amended gave the state board of assessment and review general supervision over the administration of the assessment and tax laws of the state. However, there is nothing in that opinion that related to individual assessments. In connection with this question we made the following statement at page 871 of the Iowa citation in the last mentioned case [225 Iowa 855, 283 N. W. 87, 94]:

"The order here made was not equivalent to a new or original assessment nor a revision of individual assessments, but dealt with the aggregate valuation in the several zones. It conformed to and corrected the unequal discounts which it determined had resulted in discrimination and is the kind of an order which the state board of assessment and review has authority to make. * * *.

"* * *. Its corrective order was not a reassessment nor was it directed to the individual assessments of individual taxpayers. It merely ordered the pursuance of a uniform mode of valuation for assessments as a substitute for the mode it determined led to discrimination in the valuation of all the real estate in Des Moines for assessment."

In the case of Cedar Rapids Hotel Co. v. Stirm, 222 Iowa 206, 217, 268 N. W. 562, 567, we held as follows:

"This court has repeatedly held that the tax based on excessive valuation is not 'erroneously or illegally exacted or paid' where the taxpayer has failed to make use of the administrative body in having the correction made at the proper time. His failure to take advantage of the means provided by the statute for correcting an erroneous assessment of this character amounts to a waiver. So long as the taxes remain unpaid and within the five-year period of limitation on proper application, the assessment may be corrected by the state board of assessment and review, but this remedy must be resorted to (in the case of an otherwise valid but over or excessive assessment) before voluntary payment of the tax. The adding of the five-year period of limitation added nothing to the power or authority of the state board to make the correction in the assessment. Plaintiff's proper procedure under the facts in this case, as we conceive the law to be, would be first to make its complaint either to the local board of review or the state board. Failing to obtain relief in this manner, the statute provides for an appeal to the district court. In the meantime, if the taxes based upon the assessment of which complaint is made become due and threatened with interest and penalties, it could do one of two things: tender an amount sufficient to cover the taxes due on a valuation finally fixed upon as correct by the court, or

pay the entire taxes under protest, and after, if and when it is found by the court that the assessment was erroneous as being excessive, bring its action by mandamus to recover the excess tax under section 7235 of the Code. * * *.''

The procedure as above suggested was not followed in the present case. It is therefore our conclusion that inasmuch as the plaintiffs did not take any appeal from the 1937 assessment as made by the board of review in 1937 and the decree entered as to the 1938 valuation in no way affected the 1937 assessment the plaintiffs are not now in a position, statutory or otherwise, to require the refund of any taxes as sought in this action.

Appellees' brief was not filed in conformity with the rules of this court and on motion has been stricken.

In keeping with our announcements heretofore made, it is our conclusion and holding that the district court was correct in its ruling in dismissing the plaintiffs' petition and it is therefore affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.