316 P.2d 1064

Petition of J. H. FELTON for Refund and Cancellation of Taxes.

No. 8556.

Supreme Court of Idaho.

Oct. 28, 1957.

———◆———

Graydon W. Smith, Atty. Gen., Elbert Gass, Edward Aschenbrener, Asst. Attys. Gen., Lloyd G. Martinson, Pros. Atty., Cope R. Gale, Asst. Pros. Atty., Moscow, for appellant.

J. H. Felton, Lewiston, for respondent.

TAYLOR, Justice.

Respondent acquired certain property in Latah county in 1955. June 13, 1955, he appeared before the board of commissioners asking relief from taxes for the years 1952 and 1953. July 7, 1955, respondent paid the taxes for the year 1952. July 8, 1955, he again appeared before the board with the request that the taxes for the years 1952, 1953, and 1954 be cancelled in part. The excerpt from the minutes of this meeting appearing in the record does not show whether the board was sitting as a board of commissioners or as a board of equalization. July 11, 1955, "The Board of County Commissioners, sitting as a Board of Equalization," denied the respondent's request for cancellation of a portion of the 1952, 1953 and 1954 taxes, and his request for a refund of taxes paid. Purporting to act under authority of §§ 31–1509 and 31–1510, I.C., respondent appealed to the district court "from that certain Order of the Board of County Commissioners made on or about July 11, 1955." The issue of excessive valuation of the property by the assessor was tried de novo in the district court. The court concluded that:

"The assessed values for the years 1952, 1953, and 1954, as determined by the Assessor of Latah County, State of Idaho, for petitioner's property were unlawful and unequal and not based upon the full cash value of the property, but were based upon an arbitrary and unreasonable 1937 to 1941 replacement cost of the buildings and an arbitrary value of the personal property having no relationship to full cash value."

In its findings the court fixed the assessment value for the three years at less than that fixed by the assessor, and in its decree ordered a refund of a portion of the tax collected for 1952 and the cancellation of a portion of the taxes for the years 1953 and 1954. From this judgment the board appeals.

■ The county board of commissioners and the county board of equalization are two separate and distinct bodies, with separate and distinct powers and duties. General Custer Mining Co. v. Van Camp, 2 Idaho, Hasb., 40, 3 P. 22; Feltham v. Board of Com'rs, 10 Idaho 182, 77 P. 332.

■ If the action taken on July 11th was by the board of equalization, as the minutes recite, then the district court would acquire no jurisdiction, since the statute provides that appeals from the county board of equalization are to be taken to the state tax commission (§ 63–2210, I.C., as amended; Utah Oil Refining Co. v. Hendrix, 72 Idaho 407, 242 P.2d 124) and then from the order of the state tax commission to the district court (§ 63–2214, I.C.). No appeal is provided from the county board of equalization to the district court. Hence, an attempted appeal to the district court from such board would confer no jurisdiction upon the district court. Const. Art. 5, § 20; Humbird Lbr. Co. v. Morgan, 10 Idaho 327, 77 P. 433.

If the board was actually sitting as a board of equalization and respondent's request for abatement of his taxes was addressed to it, and considered by it, as such, then the board acted without jurisdiction. The county board of equalization is a constitutional body "whose duty it shall be to equalize the valuation of the taxable property in the county, under such rules and regulations of the state tax commission as shall be prescribed by law." Const. Art. 7, § 12. It is required to meet on the fourth Monday of June each year for the purpose of equalizing the assessment of property on the real property roll, and on the first Monday in July for the purpose of equalizing the assessment of property on the personal property roll of the county, "and shall continue in session from day to day and shall determine complaints in regard to the assessment of such property * * * and must complete such business and adjourn as a board of equalization on the second Monday of July * * *." § 63–401, I.C.

"* * * The board must determine all complaints in regard to the assessed

value of any property entered upon said rolls, and must, except as prohibited in this act, correct any valuation entered upon said rolls by adding thereto or subtracting therefrom such amount as may be necessary in order to make such valuation conform to the full cash value, * * *." § 63-402, I.C.

■ On the second Monday of July the board of county commissioners must deliver the real and personal property assessment rolls, as corrected, to the county auditor. The auditor must prepare an abstract of such rolls and file a duplicate thereof in his own office when completed and transmit the originals to the state tax commission on or before the fourth Monday of July. §§ 63-412 and 63-413, I.C. Upon its adjournment, and delivery of the rolls to the auditor by the county commissioners, the county board of equalization loses jurisdiction of the rolls and of the assessments thereon. It cannot, at a subsequent time or in a subsequent year, make any equalization or changes in the assessments upon such rolls, (Overland Company v. Utter, 44 Idaho 385, 257 P. 480; Tarabino Real Estate Co. v. Sandoval, 115 Colo. 336, 173 P.2d 459; Associated Petroleum Transport, Ltd. v. Shepard, 53 N.M. 52, 201 P.2d 772; Peterson v. Johnson, 39 Cal.2d 745, 249 P.2d 17; Insurance Exchange Bldg. v. Board of Supervisors of Polk County, 231 Iowa 133, 300 N.W. 717; People ex rel. Schuler v. Chapman, 370 Ill.

430, 19 N.E.2d 351; Swetland Co. v. Evatt, 139 Ohio St. 6, 37 N.E.2d 601) except to comply with the lawful order or judgment of an appellate tribunal. Utah Oil Refining Co. v. Hendrix, 72 Idaho 407, 242 P.2d 124; State Tax Commission v. Johnson, 75 Idaho 105, 269 P.2d 1080.

■ The minutes of the proceedings of July 11th, so far as they appear in the record, consist of excerpts and indicate omissions. Whether the board also sat as a board of commissioners on that day, does not appear. Respondent contends that he addressed his request for relief to the board of county commissioners and not to the board of equalization, and that he invoked the authority of the board of commissioners under § 63-2202, I.C. That section in pertinent part provides:

"The board of county commissioners may, at any time when in session, cancel taxes which for any lawful reason should not be collected, and may refund to any tax payer any money to which he may be entitled by reason of a double payment of taxes on any property for the same year, or the double assessment or erroneous assessment of property through error, * * *." § 63-2202, I.C.

Mere unequal or excessive valuation by the assessor does not make the assessment illegal, nor constitute "any lawful reason" that the taxes should not be collected. Ben-

goechea v. Elmore County, 23 Idaho 397, 130 P. 459; Montgomery Ward & Co. v. Welch, 17 Cal.App.2d 127, 61 P.2d 790; Bistor v. McDonough, 348 Ill. 624, 181 N.E. 417; Dun & Bradstreet v. City of New York, 276 N.Y. 198, 11 N.E.2d 728; Bergen County v. Englewood Title Guarantee & Trust Co., 184 A. 630, 14 N.J.Misc. 320; School Dist. of Pittsburgh v. E. S. S. Land Co., 140 Pa.Super. 590, 14 A.2d 619; Farmers' Nat. Bank of Somerset v. Board of Sup'rs of Pulaski County, 225 Ky. 246, 8 S.W.2d 401; Northumberland County v. Philadelphia and Reading Coal & Iron Co., 3 Cir., 131 F.2d 562; Hess v. Mullaney, 9 Cir., 213 F.2d 635.

■ There is no question here of duplicate assessment or the payment of a double tax. The contention is that the excessive valuation fixed by the assessor for the year 1952 was an "erroneous assessment of property through error." Conceding the assessment of 1952 to have been excessive and subject to reduction by the board of equalization, it was not for that reason an unlawful or void assessment; nor was it such an "erroneous assessment * * through error" as to invalidate the taxes levied thereon. Hence the order for refund of the taxes paid for 1952 was not authorized by § 63–2202, I.C. Washburn-Wilson Seed Co. v. Jerome County, 65 Idaho 1, 138 P.2d 978; Miller v. Board of County Com'rs, 92 Colo. 425, 21 P.2d 714; Montgomery Ward & Co. v. Welch, 17 Cal.App.2d 127, 61 P.2d 790; Bank of America Nat. Trust & Savings Ass'n v. Mundo, 37 Cal.2d 1, 229 P.2d 345; Citizens' Committee, etc. v. Warner, 127 Colo. 121, 254 P.2d 1005; Northcutt v. Burton, 127 Colo. 145, 254 P.2d 1013; Weidenhaft v. Board of County Com'rs, 131 Colo. 432, 283 P.2d 164; Burley v. Lindheimer, 367 Ill. 425, 11 N.E.2d 926; 84 C.J.S. Taxation § 513.

In Bengoechea v. Elmore County, 23 Idaho 397, 130 P. 459, 460, this court had before it a claim for refund on the ground of excessive assessment under § 1791, R.C. That section was the predecessor of the present § 63–2202, I.C., and authorized the refund of taxes where the assessment "was so grossly overestimated that the same was a mistake." There the court said:

"The clause 'so grossly overestimated that the same was a mistake,' certainly cannot have reference to an assessment made in good faith, with full knowledge on the part of the assessor of the extent, location, situation, and probable value of the property, and where the assessment was made in the regular way and in due course of official duty." 23 Idaho at page 399, 130 P. at page 460.

"Now, while it is admitted that this is a high, and perhaps an over, assessment, still there is no fact disclosed which would bring the case within the provisions of this statute, or would raise the inference that any mistake

had been made such as is contemplated by the statute and could be characterized as a *'gross overestimate.'* * * * The Legislature has provided that the taxpayer, who is dissatisfied with the valuation placed upon his property, must apply to the board of equalization, and that he may then and there have a hearing. Section 1695, Rev.Codes, as amended by extraordinary session of 1912 (Laws 1912, c. 8), provides that no reduction in valuation shall be made to any taxpayer, 'unless such person or agent making application attends and answers all questions pertinent to the inquiry.' This application must be made at the regular session of the board of equalization. It has been the uniform policy of the Legislature of this state to limit changes and alterations in assessed value of property to specified times and a special body, namely, before the board of equalization at its regular session held for that purpose. * * * It is therefore clear to us that the Legislature, in adopting section 1791, did not mean or intend to provide another method whereby the taxpayer, after assessments have been made and equalization had and taxes have been paid, may present his bill to the board and collect back a part of those taxes; or, if the board refuses to allow any claim, he may then appeal to the courts and thus tie up the revenues, * * *

" * * * The remedy of the taxpayer was by application to the board of equalization. He had notice of the valuation placed on his property, and the law gave him the right to apply to the board for a reduction where both sides might have had a hearing." Bengoechea v. Elmore County, 23 Idaho 397, at pages 401, 402, 130 P. 459.

When respondent's predecessor in interest failed to appear before the board of equalization while it was in session in 1952, he waived or forfeited his right to thereafter challenge the assessment or the taxes levied thereon on the ground that the assessment was unequal or excessive, Washburn-Wilson Seed Co. v. Jerome County, 65 Idaho 1, 138 P.2d 978; likewise with respect to the assessments made and the taxes levied for the years 1953 and 1954. Administrative remedies provided by the legislature for unequal assessment of property must be pursued by the taxpayer as a condition precedent to judicial action. Lundy v. Pioneer Irr. Dist., 52 Idaho 683, 19 P.2d 624; Lairmore v. Board of Com'rs, 200 Okl. 436, 195 P.2d 762; City & County of San Francisco v. San Mateo County, 36 Cal.2d 196, 222 P.2d 860; Bank of America Nat. Trust & Savings Ass'n v. Mundo, 37 Cal. 2d 1, 229 P.2d 345; Weidenhaft v. Board of County Com'rs, 131 Colo. 432, 283 P.2d 164; Billingsley v. North, Okl., 298 P.2d 418; Security Trust & Savings Bank v. Mitts, 220 Iowa 271, 261 N.W. 625;

334

Insurance Exchange Bldg. v. Board of Supervisors of Polk County, 231 Iowa 133, 300 N.W. 717; Stevens v. City of El Paso, Tex.Civ.App., 81 S.W.2d 149; Burley v. Lindheimer, 367 Ill. 425, 11 N.E.2d 926; County Board of Review of Assessments for Lake County v. Kranz, 224 Ind. 358, 66 N.E.2d 896; Commonwealth v. Cross, 196 Va. 375, 83 S.E.2d 722; Dakota Corp. v. Slope County, N.D., 8 Cir., 75 F.2d 587; Gorham Mfg. Co. v. State Tax Comm., 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed. 279; 73 C.J.S. Public Administrative Bodies and Procedure § 173; 84 C.J.S. Taxation § 529; 42 Am.Jur., Public Adm. Law, § 197; 51 Am.Jur., Taxation, § 754.

█ In this case the district court received and acted upon evidence as to the value of the property for assessment purposes during the years involved; and, finding that the assessments were unequal and excessive, ordered them reduced and the taxes abated. Thus, the court engaged in the process of equalization. This the court had no jurisdiction to do on an appeal from the board of county commissioners.

The judgment is reversed and the cause remanded with directions to the district court to dismiss the appeal.

█ Costs to appellant, except no costs are allowed for appellant's reply brief, filed late.

PORTER and SMITH, JJ., and CRAMER and SPEAR, District Judges, concur.