(June 13, 1904.)

# FELTHAM v. BOARD OF COMMISSIONERS, WASHINGTON COUNTY.

### [77 Pac. 332.]

BOARD OF EQUALIZATION—APPEAL FROM ORDER OF.

1. Section 1776, Revised Statutes, as amended at the Session of 1899, providing for appeals from the order of boards of county commissioners, does not authorize an appeal from an order of a board of equalization.

2. The county board of equalization is a constitutional board exercising powers and duties separate and distinct from those exercised by the board of county commissioners.

(Syllabus by the court.)

APPEAL from District Court in and for Washington County. Honorable George H. Stewart, Judge.

From an order made by the board of equalization directing the assessment of the capital stock of the Washington County Abstract Company against the stockholders thereof the stockholders appealed to the district court. The district court ordered the assessment canceled, and directed that the property (abstract-books) of the corporation be assessed to the corporation. From the judgment of the district court the abstract company appealed. Reversed.

Lot L. Feltham, for Appellant.

The district court has not original jurisdiction over the matter of equalization of taxes. If objection is made by a person to the assessment of his property, he must first appear before the board of county commissioners, sitting as a board of equalization at a place and time fixed by statute, and there enter his protest. The board has exclusive original jurisdiction over the subject matter, and until they act no other court in this state has jurisdiction of the matter. When they act and decide the question submitted to them, then the aggrieved party may appeal from their decision in the matter and have the question retried in the district court. The jurisdiction of the dis-

trict court then is purely appellate. In order for it to have jurisdiction over the subject matter, someone must bring the question up on appeal as provided for in the Session Laws of 1899, Pinney's edition, page 364. Said court cannot assume that the board of commissioners have erred in their action in some particular and then proceed to correct their decision. Its jurisdiction does not extend over such matters except when some party to the proceedings below or a taxpayer on behalf of the county perfects an appeal from such decision of the board and presents the question regularly before the district court on appeal. (*Morse v. Presby,* 25 N. H. 302; *Northout v. Lemery,* 8 Or. 317.) The court cannot act upon persons who are not legally before it, upon one who is not a party to the suit, upon a plaintiff who has not invoked its arbitrament, or upon a defendant who has never been notified of the proceeding. It cannot adjudicate upon a subject which does not fall within its province as defined or limited by law. Neither can it go beyond the issues and pass upon a matter which the parties neither submitted nor intended to submit for its determination. (1 Black on Judgments, 1891 ed., pp. 261, 267, 328, secs. 215, 219, 220, 270; *Horner v. Doe,* 1 Smith (Ind.), 10; *Ford v. Doyle,* 37 Cal. 346; *McCoy v. Allen,* 16 W. Va. 731; *Shinn v. Board of Education,* 39 W. Va. 506, 20 S. E. 604; Freeman on Void Judicial Sales, pp. 8, 12, secs. 3, 5; *People ex rel. Union Trust Co. v. Coleman,* 126 N. Y. 433, 27 N. E. 818, 12 L. R. A. 762; Desty on Taxation, sec. 74.)

John A. Bagley, Attorney General, for Respondent.

The appeal from the order of the board of equalization to the district court brought the entire record up for trial *de novo,* or it was an attempt to appeal from a nonappealable order and should have been dismissed. The entire record was before the court for a trial *de novo.* (*Campbell v. Board of Commrs.,* 5 Idaho, 53, 46 Pac. 1022.) The officers and stockholders of the appellant company, in the name of the company by Lot L. Feltham, their attorney, commenced this proceeding when it applied to the board of equalization to strike the assessment of their abstract-books from the assessment-roll. The district

court had jurisdiction of the entire matter. (Pol. Code, secs. 1608-1611; *Van Camp v. Board of Commrs.,* 2 Idaho, 29, 2 Pac. 721; *Rupert v. Board,* 2 Idaho, 19, 2 Pac. 718.) If the entire record was not before the district court, it was an attempt to appeal from a nonappealable order and should have been dismissed. The board of equalization had no authority to strike the assessment of the appellant company's books and records from the assessment-roll. Its order to have this done was void. The legislature has provided a system of levying, equalizing and collecting taxes. (Pol. Code, secs. 1311-1457, inclusive.) The system is complete and excludes all matters not included. The county board of equalization's duties are prescribed in the laws of this state. (Pol. Code, secs. 1372-1383.) No power is given to the board of equalization to strike property legally assessed from the assessment-roll. An appeal does not lie from an order of the county board of equalization to the district court. The board of county commissioners and the county board of equalization are two separate and distinct bodies, created by different acts of the legislature. The right of appeal given by the statute from an order of the board of commissioners does not imply the same right to appeal from the order and decision of the board of equalization. (*General Custer Min. Co. v. Van Camp,* 2 Idaho, 40, 3 Pac. 20.)

AILSHIE, J.—This appeal is prosecuted by the Washington County Abstract Company, Limited, a corporation organized and existing under the laws of this state. On the eighteenth day of July, 1903, the appellant, through its attorney, appeared before the board of commissioners of Washington county, then sitting as a board of equalization, and made application to the board to strike from the assessment-roll of the county for the year 1903 the assessment of the abstract-books belonging to the appellant and assessed at the sum of $1,000. After a hearing the board granted the petition and ordered the assessment stricken from the roll. On the same day the board of commissioners, sitting as a board of equalization, ordered that the individual stockholders of the capital stock of the appellant corporation be assessed according to the number of shares held by each in the aggregate sum of $1,000, which was

the valuation placed upon the abstract-books, and thereupon ordered that notice of such action be given by the clerk to each of the stockholders. After the service of notice, and on the twenty-seventh day of July, 1903, the stockholders appeared before the board and filed their written application asking the board to strike from the assessment-roll the assessment made against them on their stock held in said corporation. This application was refused and denied, and the stockholders, five in number, appealed to the district court. When the matter was called for hearing in the district court the county attorney moved to dismiss the appeal upon two grounds, the second of which is, "That the court has no jurisdiction in said pretended matter of appeal for the reason that no appeal is allowed by law in the state of Idaho in any matter coming before and passed upon by the board of equalization." This motion was overruled by the court, to which ruling the county attorney took his exception. The court thereafter proceeded to hear the appeal upon its merits, and on the fourth day of November, 1903, made and filed his findings of fact and conclusions of law and entered a judgment directing that the order of the board of equalization assessing the stock of the corporation to the stockholders be vacated and set aside, and that the original assessment of $1,000 against the Washington County Abstract Company be reinstated as the assessment against said corporation. From that part of the judgment reinstating the assessment against the abstract company, the corporation has appealed. On this appeal it is contended by the appellant that the district court entered its judgment, as against the appellant, without jurisdiction, and that the judgment is therefore void in so far as it ordered the reinstatement of the assessment against the corporation. It will be observed that the county did not appeal from the order of the board of equalization directing the cancellation of the assessment against the abstract company. On the other hand, the stockholders in their individual capacity did appeal from the order of the board directing an assessment against them to the amount of the stock held by each in the corporation. On the appeal to this court the county, through the attorney general, has again raised the

question that the district court was without jurisdiction to enter any judgment or order of any kind in the premises except to dismiss the appeal in the first instance, for the reason that under the laws of this state no appeal will lie from an order or proceeding of a board of equalization.

The appeal from the order of the board of equalization taken in this case was taken under the provisions of sections 1776 to 1779, Revised Statutes, as amended by act of February 14, 1899 (Sess. Laws 1899, p. 248.)   By section 1776 it is provided that "An appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby or, by any taxpayer of the county when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interests."   The section to which the foregoing is an amendment is found in chapter 2 of title 11 of the Political Code of 1887, and it should be observed that that chapter is devoted exclusively to the duties and powers of the board of county commissioners when acting as such a board, and does not undertake to prescribe their powers and duties as a board of equalization.

Section 25 of the county commissioners' act of the Compiled Laws of 1874, page 529, provided for appeals from orders of the board of commissioners as follows: "Appeals may be taken from orders of the board of county commissioners as follows: 1. From an order by any person aggrieved thereby; 2. From an order allowing any account or demand against the county by any elector or taxpayer of the county, on the ground of improper or excessive allowance; 3. From any order prejudicially affecting the public interest, by either the district attorney or probate judge of the county on behalf of the county."

Under that provision it was held by the territorial supreme court in *General Custer Min. Co. v. Van Camp,* 2 Idaho, 40, 3 Pac. 22, that an appeal would not lie from an order of the board of commissioners when acting as a board of equalization.   Judge Prickett discussed the matter and set forth the conclusion of the court thereon very ably and clearly as follows: "It seems quite clear that the board of county commissioners and the board of equalization are two separate and distinct bodies, created by different acts of the legislature; that by section 22 of the revenue

law, persons holding the office of county commissioners by election or appointment are invested with another distinct office having a different name. The revenue act, complete in itself, provides what duties the board of equalization shall perform. It requires them to meet and discharge these duties at a time not fixed by law for a meeting of the board of commissioners. It provides them with a clerk, and designates him as the clerk of the board of equalization; and, although the two boards are composed of the same persons, they are as completely different in respect to organization, powers and duties as if composed of different individuals. There being two separate boards, the right of appeal given by statute from orders of the board of commissioners does not imply the same right from the orders and decisions of the board of equalization." That decision has never been questioned in this state, and has stood as the law of the state on the subject ever since.

The constitutional convention of 1889, by section 12 of article 7 of the constitution, provides that "The board of county commissioners for the several counties of the state shall constitute boards of equalization for their respective counties, whose duties shall be to equalize the valuation of the taxable property in the county, under such rules and regulations as shall be prescribed by law." By section 6 of article 18 of the same instrument they provided for a board of county commissioners. Since the adoption of the constitution but few amendments have been made to the Revised Statutes relative to the duties of a board of county commissioners as it existed under the territorial form of government. One of the principal amendments thereto has been sections 1759 and 1776 to 1779, inclusive. On the other hand, since the adoption of the constitution the legislatures have repeatedly passed revenue acts and in each act have provided for the equalization of assessments by the board of county commissioners. At no time, however, has the legislature ever provided for an appeal from any action or proceeding taken by the board of county commissioners when sitting as a "board of equalization." It is also worthy of observation that the board of county commissioners, as such, meet at stated periods for the transaction of the regular county business, but at none of these meetings are they authorized to equalize as-

sessments or to sit as a board of equalization. On the other hand, it is provided by law that they shall meet at a specified time each year as a board of equalization and examine the assessment-roll and equalize the assessments of property within their respective counties. It seems to us that there are even more potent reasons now than when the General Custer Mining Company case was decided why an appeal will not lie from an order of the board of equalization. Since that decision was announced the constitution has been adopted, and by that instrument the "board of equalization" has become a constitutional board, recognized as such, with constitutional powers and duties prescribed; and the allowance of an appeal from an order of the board of county commissioners cannot reasonably be construed to extend to the allowance of an appeal from an order of the board of equalization. It is true that the board of county commissioners and the board of equalization are each composed of the same officials, but that fact can make no difference as to the distinct duties and functions of each board. While those officials are performing the duties and functions of the one board they are a distinct and separate organization from the other, and cannot discharge any of the duties of such other board at such time or in such meeting. The allowance of an appeal from the orders of one specified board does not extend to the orders of any other board. And the fact that the same individuals constitute the personnel of two or more distinct boards affords no reason for an exception to the rule. Under the law as it formerly existed in this state the probate judge was *ex-officio* superintendent of schools for his county. An appeal was allowed from the orders and judgments of the probate judge, and still no one ever seriously contended that this right of appeal extended to his orders and decisions when made as superintendent of schools.

The same question here considered was discussed extensively by the supreme court of Washington in *Olympia Water Works v. Board of Equalization,* 14 Wash. 268, 44 Pac. 267, and the court arrived at the conclusion that an act authorizing appeals from orders and proceedings of the board of commissioners does not authorize an appeal from an order of the board of equalization.

We are of the opinion that the judgment appealed from is void for want of jurisdiction in the district court entering the same. The cause will therefore be remanded, with direction to the district court to vacate and set aside the judgment and order so made and entered. Costs of this appeal awarded to appellant.

Sullivan, C. J., and Stockslager, J., concur.