(July 7, 1904.)

## HUMBIRD LUMBER COMPANY v. MORGAN, JUDGE.

[77 Pac. 433.]

JURISDICTION—ORDERS OF BOARDS OF EQUALIZATION.

    1. An appeal taken when not authorized by law confers no jurisdiction on the court to which such appeal is taken, except to make its order and judgment dismissing such appeal.

    2. There is no authority in this state for an appeal from an order of a board of equalization. *Feltham v. Board of County Commissioners, ante,* p. 182, 77 Pac. 332, approved and followed.

(Syllabus by the court.)

ORIGINAL application for a writ of mandate to the Honorable Ralph T. Morgan, Judge of the First Judicial District. Writ denied.

H. M. Stephens and Charles L. Heitman, for Plaintiff.

It will be seen from a statement of the facts and examination of the record that the district court undertook to sit and act as a court of review upon his own orders. It has no power or authority to so do. Having considered and passed upon a motion to dismiss the appeal, that order and motion is final and cannot by subsequent order be set aside. And in fact there is no order of the court attempting to set aside the order upon the first motion to dismiss the appeal, and that order is in full force and effect yet, and is binding upon the lower court, and leaves the case and continues the case before the lower court to be tried upon its merits. There is no statutory provision or authority in law for the district court reviewing an order

and decision theretofore made by it, and it can only so do, if at all, by motion for a new trial; and the Humbird Lumber Company contends that it could not do so by motion for new trial nor in any other method. (*Coyle v. Seattle Electric Co.,* 31 Wash. 181, 71 Pac. 733; *Burnham v. Spokane etc. Co.,* 18 Wash. 207, 51 Pac. 363.) When a court refuses to try a case upon the merits, and has jurisdiction so to do, *mandamus* to require the court to try the case or consummate the trial already had by making findings of fact and rendering judgment or decree is the proper remedy. (*Hays v. Stewart,* 7 Idaho, 193, 61 Pac. 591; *State v. Eddy,* 10 Mont. 311, 25 Pac. 1032; *Temple v. Superior Court,* 70 Cal. 211, 11 Pac. 699; *State v. District Court,* 13 Mont. 370, 34 Pac. 298; *State v. Webb,* 34 Kan. 710, 9 Pac. 770; *State v. Hunter,* 3 Wash. 92, 27 Pac. 1076; *State v. Lichtenberg,* 4 Wash. 653, 30 Pac. 1056; *State v. Superior Court,* 14 Wash. 687, 45 Pac. 670; *State v. Mc-Clinton,* 17 Wash. 45, 48 Pac. 740; *People v. Van Tassel,* 13 Utah, 9, 43 Pac. 625.) In the district court for Kootenai county, within the last two years, three decisions have been rendered holding that an appeal would lie in behalf of a taxpayer from an order made by the board of county commissioners, sitting as a board of equalization. The rule laid down in the case of *Rupert v. Board of Commrs. of Alturas County,* 2 Idaho (Hasb.), 19, 2 Pac. 718, and *Van Camp v. Board of Commrs. of Custer County,* 2 Idaho (Hasb.), 29, 2 Pac. 721, were decided under old territorial statute, and the subsequent legislation hereinbefore referred to has, we respectfully submit, changed the law so as to authorize an appeal. An appeal may be taken from any order, decision or action of the board while acting in an official capacity, by any person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county, or when he deems any order, decision or action of the board illegal or prejudicial to the public interests. That the board of county commissioners is not a court within the meaning of section 2, article 5 of the constitution. Hence it follows that under section 18 of article 1 this court must be open to an aggrieved party by way of an appeal or an independent action wherein and whereby a trial *de novo*

can be had.   And where there is a general statute on appeal, that remedy must be pursued rather than an independent or original proceeding.   Section 12 of article 7 makes the board of county commissioners boards of equalization under such rules and regulations as shall be prescribed by law.   And this being a part of the whole constitution must be construed in connection with section 2, article 5, and section 18, article 1, which constitute a rule or regulation of law; and the action of the board of county commissioners cannot, therefore, be final.   It results that the constitution and general statutes as to the duties and powers of the board of county commissioners and the provisions and portions of the revenue law relative to the same subject are *in pari materia,* and must be construed together so as to give effect to the whole.   (Sutherland on Statutory Construction, secs. 284, 285, 287; Black on Interpretation of Laws, pp. 204-260; *Mills v. Scott,* 99 U. S. 28, 25 L. ed. 294; *Pierce Co. ex rel. Malone v. Spike,* 19 Wash. 652, 51 Pac. 41.)   The present statute provides a time other than a regular meeting of the board for levying taxes, and it surely will not be contended that the members of the board are acting in any capacity other than as county commissioners.

T. H. Wilson and C. W. Beale, for Respondent.

No appeal will lie from an order made by a board of equalization.   (*General Custer Min. Co. v. Van Camp,* 2 Idaho, 44, 3 Pac. 22; *Olympia Water Works v. Board of Equalization,* 14 Wash. 268, 44 Pac. 267.)   Any decision of the defendant must at least have been made in writing or entered in writing, and that not having been done, we have no other decision in the case than the judgment of dismissal, properly made and entered, and from which an appeal is allowed by law.   In support of our contention that, to constitute an order or judgment, the same must have been in writing and made or entered in the minutes as such, we cite the following: Idaho Code Civ. Proc., sec. 4880; *People v. Lenon,* 77 Cal. 308, 19 Pac. 521; *Campbell v. Jones,* 41 Cal. 515; *Durant v. Comegys,* 3 Idaho, 67, 26 Pac. 755; *Clark v. Strouse,* 11 Nev. 76.   If the plaintiff was dissatisfied with the judgment of the court dismissing

its appeal, it had a plain, speedy and adequate remedy by appeal from such judgment of dismissal. Appeal, and not *mandamus*, is the proper remedy to review a judgment on a motion or plea to the jurisdiction of the court. (*Ex parte Railroad Co.*, 103 U. S. 794, 26 L. ed. 461; *Ex parte Baltimore etc. R. R. Co.*, 108 U. S. 566, 2 Sup. Ct. Rep. 876, 27 L. ed. 812; *In re Morrison*, 147 U. S. 26, 13 Sup. Ct. Rep. 246, 67 L. ed. 65; *People v. Garnett*, 130 Ill. 340, 23 N. E. 331.) *Mandamus* will not lie when there is a remedy by appeal; so held by this court in *State v. Whelan*, 6 Idaho, 78, 53 Pac. 2; *State ex rel. Smith v. Commissioners etc.*, 19 Wis. 253; 13 Ency. of Pl. & Pr., p. 530, and cases cited; *Tibbetts v. Campbell* (Cal.), 27 Pac. 531. The writ of mandate does not lie to review judicial action of an inferior tribunal where the party injured has a remedy by appeal. (*O'Brien v. Tallman*, 36 Mich. 13; *Havens v. Stewart*, 7 Idaho, 298, 62 Pac. 682.)

AILSHIE, J.—The Humbird Lumber Company, a corporation organized and existing under the laws of the state of Washington and doing business in the state of Idaho, filed its application with the board of county commissioners, sitting as a board of equalization, for a reduction of valuation of certain of its timber-lands located and situated in the county of Kootenai. The application came on regularly for hearing at the July, 1903, meeting of the board of equalization, and witnesses were sworn and examined both in support of and in opposition to the application, and the board thereafter made and entered its order granting a portion of the relief sought. From that order the plaintiff appealed to the district court. The appeal appears to have been taken in due and regular form, and at the following term of the district court in and for Kootenai county the county attorney made a motion for a dismissal of the appeal on various grounds, one of which was that an appeal does not lie from an order of the board of county commissioners while acting in the capacity of and performing the duties of a board of equalization. This motion was denied by the district judge, and thereafter the case went to trial and the plaintiff produced its evidence, and the court thereupon

continued the case to enable the county to procure and produce further evidence. The case was subsequently called, and the county introduced its evidence, and the case was submitted for the consideration of the court. After having examined into the matter the judge appears to have notified the attorney for the plaintiff that he would find in favor of the plaintiff and for the attorney to prepare findings and judgment. Before the findings and judgment were made, however, the county, through its attorney, made and filed another motion for dismissal upon various grounds, among which it was alleged that no appeal lies from an order of the board of equalization, and that, therefore, the court was without jurisdiction to enter any judgment except one of dismissal of the appeal. After a hearing on this motion the judge sustained the same and dismissed the appeal. The plaintiff thereupon applied to this court for a writ of mandate requiring the district judge to proceed to make his findings and to render a judgment in the case. An alternative writ was issued, and the district judge, through his attorneys, appeared and demurred to the petition upon the grounds that it does not state facts sufficient for the issuance of a writ of mandate.

Numerous questions have been very ably and elaborately discussed by counsel in this case; but the conclusion we have reached makes it necessary for us to consider only one question, namely: The right of the plaintiff to appeal from an order of the board of equalization in equalizing assessments. If an appeal will not lie from such an order, then the district judge was without jurisdiction to enter any judgment in the premises except an order and judgment dismissing the appeal, which order he has already made. This question has been decided by this court at the present term adversely to the contention of petitioner, in *Feltham v. Board of Commissioners, ante,* p. 182, 77 Pac. 332. In that case we held that an appeal will not lie from an order of the board of equalization. We have given this question a further and careful examination in the present case to satisfy ourselves as to the correctness of our former decision, and are convinced of the soundness of the position taken in that case. We therefore rest our decision in this case upon the

principles there announced. The right of appeal from such boards is purely statutory. Independent of statutory enact- ment no such right would exist. We cannot extend this right by interpretation to the orders and decisions of any board from which the right of appeal is not clearly granted. If the legis- lature desires to allow an appeal from the orders of boards of equalization, they have that power, but we are without author- ity to extend such remedy. The demurrer to the petition will be sustained and the writ denied.

Costs awarded to defendant.

Sullivan, C. J., and Stockslager, J., concur.