## STATE TAX COMMISSION v. J. & W. AUTO SERVICE, Inc.

No. 5856.   Decided March 22, 1937.   (66 P. [2d] 141.)

*Ned Warnock* and *Alfred Klein,* both of Salt Lake City, for appellant.

*L. J. Holther,* of Ogden, for respondent.

WOLFE, Justice.

The respondent company made retail sales of automobiles between January 1 and December 31, 1934. It filed returns of sales for each and every month during said period showing itself liable for $740.09 sales tax which it remitted to appellant. Appellant audited the returns, recomputed the said tax under section 8, c. 63, Laws Utah 1933, as amended by chapter 20, Laws Utah 1933, Second Special Session, which laws will be hereafter referred to as the Sales Tax Act.

Section 8 provides that if upon recomputation of the tax returns something is found owing to the commission, the

amount so found to be due, together with interest thereon, "shall be paid by the vendor ten days after notice and demand to him from the tax commission." In pursuance of this section, appellant audited respondent's tax returns and found an additional amount of $236.25 due. On February 5, 1936, appellant gave notice in writing to the respondent and demanded payment thereof. More than ten days elapsed after the date of said notice and defendant failed to pay said sum or any part thereof, nor did it petition the appellant in writing for a rehearing or a correction of the amount of tax so computed. In fact, it ignored the notice and demand. The appellant added 10 per cent as a penalty and 1 per cent per month as interest, adding respectively, $23.62 for penalties and $27.24 for interest, claiming a total sum of $287.11.

Appellant brought suit to collect this $287.11 with interest from February 5, 1936, on $236.25 at the rate of 1 per cent per month. The action was brought under section 11 of the Sales Tax Act, reading as follows:

"A tax due and unpaid under this act shall constitute a debt due the state from the vendor and may be collected, together with interest, penalty and costs, by appropriate judicial proceeding, which remedy shall be in addition to all other existing remedies."

The defendant (respondent here) admitted the recomputation of the tax commission and the assessment of $236.25 to have been made; also admitted the demand and notice and that no petition for a hearing had been ■ asked for. It set up in defense that the purported tax of $236.25 was on sales made in Nevada and Idaho and that its returns showed these as deductions. It claimed the purported tax as to these items was void because the commission had no authority to tax interstate sales. The court permitted the defense and found for the defendant. The tax commission appeals.

The commission contends that the so-called assessment of $236.25, when defendant was notified of it and failed in

ten days to ask 'for a correction or a hearing and failed to pay, was conclusive in the lower court and could not be attacked except to show lack of jurisdiction.

Defendant, the respondent here, contends as follows: That sections 13, 14, 15, and 16 of the act dealing with the procedure regarding an appeal from a decision of the tax commission to the Supreme Court apply only in case a taxpayer chooses to ask for a hearing and correction and the commission makes a decision thereon. That if the taxpayer ignores the notice of increased assessment upon recomputation, he may, on suit in the district court, open up there the matter of whether the recomputation was correct. Defendant founds this argument on two grounds: First, that section 12 reads in part as follows:

"Any person, having made a return and paid the tax * * * may apply to the tax commission by petition in writing within ten days," etc.

The argument is that "may" is permissive. He is not required to do so because it does not say he must petition for a hearing and correction. Certainly, he has the choice. No person is required to question an assessment, but if he does not do it within the proper time and according to specified procedure, he will either pay or lose his property. Many acts within the law are permissive in that sense. A person served with summons is not required to appear, but if he does not he may find himself burdened with a default judgment. It is only in those matters where appearance before the court is compelled that contempt for failing may be adjudged.

The second ground advanced by defendant is that sections 13, 14, and 15 of the act speak only of a "decision" and that these sections which provide the exclusive remedy of appeal to the Supreme Court relate only to the case where the commission makes a decision. And where the taxpayer served with a demand to pay or apply for a hearing does neither, no decision of the commission can be made to which

the sections can attach. In other words, a taxpayer, by failing to follow the procedure laid down and absenting himself from appearance before the commission, is in better position as far as a suit in the district court is concerned than one who follows such procedure. 'Such contention is untenable.

The language of section 9, stating that a return made by the commission for a taxpayer who wholly fails to make a return "shall be prima facie correct for the purposes of this act," does not infer that such tax debtor can question said return in court proceedings to collect it and thus put, as contended by defendant, such noncomplying ■ taxpayer in a better position than he who makes a return. Said section 9 states that such amount found to be due by the commission on a return which was made by it shall be deemed a "deficiency" and subject to the addition of penalties and interest as provided in section 8. This means that the commission shall make the same demand and give ten days' notice to pay as is provided in section 8 for a deficiency. From then on it goes according to the procedure outlined in sections 8, 12, 13, 14, 15, and 16 of the act.

Defendant further contends that the sales of these cars on which the commission found a deficiency were interstate sales and that the commission had no authority or jurisdiction to tax them and that the taxes were therefore void; that under the rule of *State Tax Commission* v. *Katsis* 90 Utah 406, 62 P. (2d) 120, 122, the defendant could, under the theory that it was questioning jurisdiction, present such issues. In that case it was said:

"While the facts on which a quasi judicial decision is based may not be attacked collaterally, we believe that at least the question of the Commission's jurisdiction and the question of whether the assessment was the Commission's act may be raised."

But it was never meant to hold in that case that a taxpayer could attack collaterally a deficiency sued on by show-

ing that the commission had made an error as to certain facts and upon such error assumed to tax some sales it had no authority to tax. For instance, if the defendant in the present case had given cars to the members of the family of one of its officers and the commission mistakenly held them as sales, it would be defendant's duty to question this by a petition for a hearing and correction. The commission has no more authority to tax a gift not a sale than to tax interstate sales. If the Industrial Commission should on protracted evidence and considerable doubt conclude an issue as to whether an employer was employing three or more men in favor of the employee and take jurisdiction and the employer did not sue out a writ of review to this court to have that question tested out, certainly if the award was docketed in the office of the clerk of the district court, it could not be held that the employer could enjoin execution thereon by opening up such question. The employer would have had his day in court. He must proceed according to the procedure provided for reviews from administrative bodies.

In short, where it is claimed an administrative body has wrongly assumed jurisdiction by incorrectly concluding as to the jurisdictional fact, the aggrieved party must have such conclusion tested by appeal according to the regular way provided for other questions; otherwise, the judgment, award, or finding of the administrative body purports jurisdiction as against a collateral attack unless it shows on its face that the said tribunal or commission did not have jurisdiction. If the commission had failed to obtain jurisdiction by failing to follow the procedure which was specified as a condition of obtaining jurisdiction, this fact could be shown. But in a sense, the commission speaks by warrant of law if it follows the correct procedure, but errs in taxing some sales which it should really not have taxed, since it has jurisdiction over the general subject-matter of taxing sales [*Atwood* v. *Cox*, 88 Utah 437, 55 P. (2d) 377], especially in the

matter of a collateral attack. The courts out of necessity have been more liberal in opening up inquiry of an administrative tribunal's acts on the assumed basis of lack or excess of jurisdiction when the acts are directly attacked through certiorari, which is a proceeding which theoretically tests jurisdiction, even though actually such acts may merely be error. It is not now necessary to further expatiate on that score because in such cases the attack is direct and the processes provided to test out the administrative agency's acts have been resorted to.

The judgment of the lower court is reversed with instructions to grant a new trial to be governed by the views expressed in this opinion. Costs to the appellant.

FOLLAND, C. J., and HANSON, MOFFAT, and LARSON, JJ., concur.