242 P.2d 124

UTAH OIL REFINING CO. v. HEN-
DRIX et al.

No. 7847.

Supreme Court of Idaho.

March 18, 1952.

Oscar W. Worthwine and Robert W. Green, Boise, for plaintiff.

Merlin S. Young, Prosecuting Atty., and Blaine F. Evans, Deputy Prosecuting Atty., Boise, for defendants.

Robert E. Smylie, Atty. Gen., and Edward J. Aschenbrener, Asst. Atty. Gen., as amici curiæ.

PORTER, Justice.

This is an original proceeding in this court whereby plaintiff seeks a writ of mandate to compel defendants to obey an order of the State Tax Commission. The petition of plaintiff, the answer of defendants and plaintiff's motion to strike the affirmative defenses set out in the answer constitute the pleadings. Briefs having been filed, and oral argument in open court having been heard, the matter is now before this court for determination.

The underlying facts as set out in plaintiff's petition are admitted by the answer of defendants. Plaintiff is the owner of a terminal tank storage facility for the storage of petroleum products located in Ada County. Defendant Leonardson, Assessor of Ada County, assessed such storage facility for the year 1951 in the amount of $59,250. Plaintiff, deeming itself aggrieved by such valuation placed upon its property, appealed from such assessment and complained thereof to the Ada County Board of Equalization as prescribed by Section 63–402 I.C., on the ground that such assessment placed an unjust valuation for taxation on plaintiff's property, was illegal and exorbitant, and would compel plaintiff to bear an unequal burden of taxation in Ada County. The Ada County Board of Equalization held hearings on such appeal and complaint, and on July 9, 1951, finally de-

nied plaintiff's appeal and confirmed the assessment theretofore made by defendant Leonardson.

Thereafter, in timely fashion, plaintiff made and perfected its appeal from the Ada County Board of Equalization to the State Tax Commission of Idaho in accordance with the provisions of Section 63–2210 I.C., as amended by the 1949 Session Laws, Chapter 118, p. 211, as amended by the 1951 Session Laws, Chapter 81, p. 150. On August 20, 1951, the state tax commission held a hearing on said appeal at which hearing were present counsel for plaintiff, counsel for defendants and counsel for the tax commission. Testimony was taken and the matter presented and submitted. On November 5, 1951, the state tax commission determined the matter and entered its order in writing as follows:

"This matter was heard before this Commission on August 20, 1951, upon the appeal of the Utah Oil Refining Co., a corporation, from an order of the County Board of Equalization of Ada County, which said order sustained the County Assessor's assessment of certain storage tanks, for 1951, in the amount of $59,250.00, which said storage tanks, situate in Ada County, are owned by appellant and used for storage of oil and other petroleum products.

"Oscar W. Worthwine, Esq., of Boise, Idaho, appeared for appellant; Merlin S. Young, Prosecuting Attorney, appeared for Ada County; and J. N. Leggat, Assistant Attorney General appeared as counsel for the Commission.

"After hearing the testimony of appellant and the County Assessor, and examining the exhibits offered by appellant and admitted, and the Commission being fully advised in the premises,

"Now, therefore, it is ordered, that the order of the County Board of Equalization of Ada County, from which this appeal is taken, be modified in the following particulars: That the storage tanks of appellant, situate in Ada County, be assessed for the tax year 1951 in the sum and amount of $32,765.00, and it is further, .

"Ordered, that the County Assessor, and the County Board of Equalization of Ada County shall make such changes in the assessment roll as are necessary to make this Order effective.

"Dated at Boise, Idaho, this 5th day of November, 1951."

Such order was duly served upon defendants. No appeal therefrom was taken by plaintiff or defendants to the district court of Ada County within the time allowed or at all as provided by the 1949 Session Laws, Chapter 119, now appearing as Section 63–2214 I.C., in the 1951 Cumulative Pocket Supplement to Idaho Code.

After the time for appeal had expired, defendants notified plaintiff in writing on December 12, 1951, that they refused to comply with such order of the state tax commission for the asserted reason that said order was in excess of the commission's constitutional powers and would result in an inequitable and unequal assess-

ment between the same class of taxpayers in Ada County.

The answer of defendants contains six, numbered, affirmative defenses. Plaintiff has moved to strike all of such affirmative defenses on the ground that they constitute collateral attacks upon the order of the tax commission, and urges that such order is not subject to collateral attack except upon jurisdictional grounds. Affirmative Defenses Nos. I and IV, which will be hereinafter discussed, are not vulnerable in this respect and the motion to strike them is not well taken.

 Affirmative Defenses Nos. II, III, V and VI may be briefly summarized as follows: The state tax commission made no finding of fact upon which to base said order; the state tax commission had an adequate remedy under its original jurisdiction to correct an erroneous assessment by filing a supplemental assessment roll as provided by Section 63–513 I.C.; if defendants had obeyed said order, it would have resulted in unequal taxation among taxpayers of the same class in Ada County; and the state tax commission was estopped to make such order because it had theretofore filed its certificate with the Auditor of Ada County showing the total amount of state taxes for said county based upon the equalized valuation of all taxable property therein, and such order would reduce such valuation and cause the county to pay more than its proportionate share of the state tax. These four affirmative defenses constitute collateral attacks upon the order of the tax commission; and it is, in effect, so admitted by defendants. Further, defendants do not seriously urge that a collateral attack, except for want of jurisdiction, will lie against such order of the tax commission. The order of the tax commission is immune to collateral attack to the same extent as judicial decisions. 49 C.J.S., Judgments, § 407, pages 804–805, subpar. d; State Tax Commission v. J. & W. Auto Service, 92 Utah 123, 66 P.2d 141; City of Phoenix v. Sanner, 54 Ariz. 363, 95 P.2d 987; City of Phoenix v. Wright, 61 Ariz. 458, 150 P. 2d 93. The motion of plaintiff to strike such four affirmative defenses from the answer of defendants is meritorious.

 Affirmative Defense No. I of defendants alleges plaintiff has a plain and adequate remedy at law in that it has the right to pay its taxes under protest and to bring an action for refund as provided in Section 63–2213 I.C. Defendants did not urge or discuss this defense in their brief or on oral argument. It seems obvious that such section does not afford plaintiff a plain, speedy and adequate remedy at law. The right plaintiff seeks to enforce is obedience to the order of the tax commission. A writ of mandate is a proper remedy available to plaintiff. Section 7–302 I.C.; Maguire v. Whillock, 63 Idaho 630, 124 P. 2d 248; Reynard v. City of Caldwell, 53 Idaho 62, 21 P.2d 527, 90 A.L.R. 1124; Blomquist v. Board of County Com'rs, 25 Idaho 284, 137 P. 174.

■■ By their Affirmative Defense No. IV, defendants allege, in effect, that the state tax commission, in making such order, was acting in excess of its constitutional powers and invading the constitutional powers and duties of the Ada County Board of Equalization, and that therefore, its order was and is void. Under this defense, defendants contend that Section 63–2210 I.C., as amended by the 1949 Session Laws, Chapter 118, p. 211, and amended by the 1951 Session Laws, Chapter 81, p. 150, is unconstitutional in that it conflicts with Article VII, Section 12 of the Idaho State Constitution. Said Section 63–2210 I.C., now reads as follows:

"Any time within twenty days after the first publication or posting of the statement, as required by Section 31–819, Idaho Code, of the proceedings of any meeting of the board of county commissioners, sitting as a board of equalization, an appeal may be taken from any act, order or proceedings of the board, to the state tax commission, by any person aggrieved thereby, or by any taxpayer of the county when he deems any such act, order or proceeding illegal or prejudicial to the public interest, but nothing in this section shall be construed so as to suspend the payment of taxes pending said appeal.

"Notice of such appeal stating the grounds therefor shall be filed, in duplicate, with the county auditor, who shall forthwith transmit to the state tax commission one of said notices, together with a certified copy of the minutes of the proceedings of the board resulting in such act, order or proceeding, and all evidence taken in connection therewith. The Commission may receive further evidence, and shall make such order as in its judgment is just and proper. The Commission may hear the appeal en banc or he may designate a single commissioner to hear such appeal. If the party appealing to the Commission shall request in his notice of appeal that the appeal herein provided be heard in the county where the subject matter of the appeal is located the Commission shall hear the appeal at the county courthouse in such county."

An amendment to Section 12 of Article VII of the Constitution to provide for a state tax commission was proposed by the 1943 Session Laws, page 381, and ratified at the general election in 1944. The pertinent part of Section 12 as amended is as follows: "There shall be a state tax commission consisting of four members, not more than two of whom shall belong to the same political party. * * * The duties heretofore imposed upon the state board of equalization by the Constitution and laws of this state shall be performed by the state tax commission and said commission shall have such other powers and perform such other duties as may be prescribed by law, including the supervision and coordination of the work of the several county boards of equalization. The board of county commissioners for the several counties of the state, shall constitute boards of equalization for their respective counties,

whose duty it shall be to equalize the valuation of the taxable property in the county, under such rules and regulations of the state tax commission as shall be prescribed by law."

Prior to 1919 no appeal would lie from the orders of a county board of equalization. Feltham v. Board of Com'rs, 10 Idaho 182, 77 P. 332; Humbird Lumber Co. v. Morgan, 10 Idaho 327, 77 P. 433; Fenton v. Board of County Com'rs, 20 Idaho 392, 119 P. 41.

In 1919 the legislature provided for an appeal from an order of the county board of equalization to the district court and from the district court to the Supreme Court. In First Nat. Bank v. Board of Com'rs, 40 Idaho 391, 232 P. 905, this court held that the enactment of the legislature providing for an appeal from an order of the county board of equalization to the district court was constitutional and did not usurp the constitutional powers of the board of equalization. In McGoldrick Lumber Co. v. Benewah County, 54 Idaho 704, 35 P.2d 659, this court, after again holding that the provision for appeal from an order of the county board of equalization to the district court was constitutional, defined the function of the court on an appeal, and held the court could not reassess the property but was restricted to equalizing it to bring it in line with the assessments of other property in the county.

The statutes now provide for an appeal from an order of the county board of equalization to the state tax commission, Section 63–2210 I.C.; and from the resultant order of the state tax commission to the district court and from the district court to the Supreme Court, 1949 Session Laws, Chapter 119, p. 212, now referred to as Section 63–2214 I.C. It having been heretofore determined that a legislative provision for an appeal from an order of the county board of equalization, as such, is not an infringement upon the board's constitutional powers, the remaining question is whether the legislature has power to confer appellate jurisdiction upon the state tax commission.

■ We have consistently held that the legislature has plenary power in all matters of legislation except as prohibited or limited by the constitution. "It is rather axiomatic that under our Constitution unless legislation is prohibited the Legislature has unlimited power in its field." McGoldrick Lumber Co. v. Benewah County, supra [54 Idaho 704, 35 P.2d 661]. See also, St. Joe Improvement Co. v. Laumierster, 19 Idaho 66, 112 P. 683; Idaho Power & Light Co. v. Blomquist, 26 Idaho 222, 141 P. 1083; Koelsch v. Girard, 54 Idaho 452, 33 P.2d 816. Nowhere in the constitution is the legislature prohibited from conferring the questioned appellate power upon the state tax commission. On the contrary, Section 12, Article VII expressly provides that: "Said commission shall have such other powers and perform such other duties as may be prescribed by law".

414

The county board of equalization is an administrative board. Washburn-Wilson Seed Co. v. Jerome County, 65 Idaho 1, 138 P.2d 978. It is well recognized that the power to review upon appeal the order of an administrative county board of equalization may be vested by the legislature in an appellate board composed of administrative officers. 61 C.J. 746–7, Taxation, Sec. 945. Such legislation does not deprive the counties of local self government, Attorney General ex rel. Barnes v. Board of Sup'rs, 178 Mich. 513, 144 N.W. 883; and does not infringe upon the judicial power of the courts. 51 Am.Jur. 199, Taxation, Sec. 148.

To support their position, defendants rely heavily upon Blomquist v. Board of County Com'rs, supra, and Chastain's, Inc., v. State Tax Commission, Idaho, 241 P.2d 167. The Blomquist case considered an original order made by a state tax commission created by the legislature, endowed with certain powers and co-existent with the state board of equalization. Such order purported to lower and equalize assessment of certain property. This court, after recognizing the constitutionality of the statute creating a state tax commission, held that the legislature had not given and could not constitutionally give such tax commission power to assess or equalize items of property within a county, and held that such powers belong to the assessor and to the county board of equalization. However, the court expressly recognized that the legislature could provide an appeal from the action of the board of equalization.

In the Chastain case, the state tax commission, in the exercise of its original jurisdiction, raised the valuation of certain classes of property in Nez Perce County after the same had been equalized by the county board of equalization. It was admitted by the pleadings that such change disrupted the equalization of property values in such county for taxation purposes and placed an undue burden upon the property in question. Such action by the tax commission was held to violate the provisions of the constitution providing for uniformity of taxation. Neither the Blomquist case nor the Chastain case is controlling on the issues presented in this proceeding.

We conclude that it was within the power of the legislature to enact Section 63–2210 I.C., as now in effect, and that such section is not in violation of the constitutional powers granted to county boards of equalization. We further conclude that plaintiff is entitled to a writ of mandate requiring defendants to carry out the order of the state tax commission as prayed for in its petition. The permanent writ of mandate is hereby granted. Costs awarded to plaintiff.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.