499 P.2d 1247

William D. COLLINS, Prosecuting Attorney for Boise County, State of Idaho, Plaintiff,

v.

Ariel L. CROWLEY, Magistrate of the District Court of the Fourth Judicial District in and for the County of Boise, State of Idaho, Defendant.

No. 11062.

Supreme Court of Idaho.

July 26, 1972.

892

William D. Collins, Boise County Pros. Atty., Boise, pro. se.

Ariel L. Crowley, Idaho City, pro. se.

W. Anthony Park, Atty. Gen., and Martin R. Ward, Deputy Atty. Gen., Boise, amicus curiae.

McFADDEN, Justice.

William D. Collins, as prosecuting attorney for Boise County, Idaho, instituted this original proceeding seeking a writ of mandate against Ariel L. Crowley as a magistrate of the Fourth Judicial District of the State of Idaho for Boise County. Plaintiff's petition sought to require the defendant magistrate to continue with the ar-

raignment of a certain individual who was then before the magistrate's division of the district court on a misdemeanor charge. The defendant magistrate had refused to proceed with such arraignment until the accused had been afforded a preliminary examination on the misdemeanor charge.

The defendant's refusal to proceed with the accused's arraignment on the misdemeanor charge raises the issue of whether, following abolition of the justice of the peace and probate courts, a person accused of a misdemeanor can be tried on the charge without first having either a preliminary examination or presentment of the charges to a grand jury.

This Court entered its order granting an alternative writ of mandate, returnable by the defendant magistrate on a day certain. Prior thereto the defendant filed his motion to quash the petition for mandate, and the cause was set for argument before this Court on the issues so framed. The parties to this proceeding agree that determination of the motion to quash will resolve the issues without further proceedings.

The position of the defendant can be summarized as follows: Idaho Const. art. 1, § 8 [1] requires that before a person may be held to answer to any felony or criminal charge (excepting from this discussion the constitutional reference to impeachment and cases arising in the militia) such person must first be held to answer following a presentment or indictment of a grand jury, or on information after a commitment by a magistrate. The defendant argues in support of this position that after Idaho Const. art. 5, § 2, was amended [2]

---

[1]. Art. 1, § 8. *"Prosecutions only by indictment or information.*—No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger; provided, that a grand jury may be summoned upon the order

of the district court in the manner provided by law, and provided further, that after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor." (Emphasis supplied)

[2]. Art. 5, § 2:
"Judicial power—Where vested.—The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court

the legislature was authorized to establish courts inferior to the Supreme Court.[3] The legislature did not act on this authority until 1969 when it enacted S.L.1969, Ch. 104, which established the "magistrate['s] division of the district court," and spelled out the authority of the magistrates to be appointed. The magistrate's division became an integral part of the judicial system of the state on January 11, 1971 (S.L. 1969, Ch. 104, § 17).[4]

The defendant's argument continues that upon abolition of constitutional and statutory provisions for the justices of the peace courts and probate courts, under Idaho Const. art. 1, § 8, thereafter there were no "cases cognizable by probate courts or by justices of the peace," inasmuch as the probate courts and justices of the peace courts no longer existed. Defendant then urges that all criminal prosecutions regardless of classification can only be prosecuted following indictment by a grand jury or by information of the prosecuting attorney following a commitment by a magistrate after a preliminary examination.

The defendant has seriously and ably presented his position in this action by referring to the opinions of this Court which hold that the Idaho Constitution is an instrument of limitation, not of grant (Craig v. Lane, 60 Idaho 178, 89 P.2d 1008 (1939); Boughton v. Price, 70 Idaho 243, 215 P.2d 286 (1950); Utah Oil Refining Co. v. Hendrix, 72 Idaho 407, 242 P.2d 124 (1952)). He then asserts that if Idaho Const. art. 1, § 8, designates the instances where preliminary hearings are not re-

quired, such limitation is absolute until such time as the constitution is amended. In other words, the defendant is arguing that following abolition of the justices of the peace and probate courts Idaho Const. art. 1, § 8, requires the prosecution of criminal actions in all instances (excepting the impeachments and military incidents) be held either by indictment of a grand jury, or by information of a prosecuting attorney after commitment by a magistrate.

The defendant's argument is intriguing; however, it is our opinion that this argument is based on an erroneous premise. The phrase contained in the constitutional provision of "cases cognizable by probate courts or by justices of the peace," is nothing more than a means employed by the framers of the constitution to distinguish between the criminal cases requiring prosecution by indictment (or information) and those to be tried without such preliminary screening.

During the constitutional convention which proposed the Idaho Constitution, adopted in 1890, there was a great deal of debate over how this particular provision should be worded. The debate concerned whether the procedure employing the use of an "information" following preliminary examination was a proper method of charging an accused of a crime, or whether the better practice would be for all such prosecutions to be had only following indictment by a grand jury. Throughout the debate on this provision the principal issue was the method of prosecution of the more serious crimes, and no substantial question

as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court. The jurisdiction of such inferior courts shall be as prescribed by the legislature. Until provided by law, no changes shall be made in the jurisdiction or in the manner of the selection of judges of existing inferior courts." (This amendment was proposed by S.L.1961, p. 1077, H.J.R. No. 10, and ratified at the general election November 6, 1962).

3. In 1961 the legislature proposed repeal of the constitutional provisions recognizing probate courts and justices of the peace. S.L.1961, p. 1077, H.J.R. 10. Repeal was accomplished when ratified at general election November 6, 1962.

4. During the same legislative session other statutes were enacted pertaining to the magistrate's division, abolishing the probate courts and justice courts. See: S.L.1969, Chs. 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126, 127, and 128.

was ever raised over the prosecution of the lesser crimes by way of simple criminal complaint which deletes the screening process of a grand jury or a preliminary examination before a magistrate. At the time of this constitutional convention, Idaho had the following courts: the Supreme Court, the district courts, a probate court in each county, and a justice court in each precinct or city where a justice of the peace was elected. (Rev.Stat. of Idaho, 1887, §§ 3815 et seq., 3830 et seq., 3840 et seq., and 3850, et seq.) By R.S. § 3841, the probate courts had concurrent jurisdiction with justices of the peace in criminal cases. R.S. § 3854 provided that justice of the peace courts had jurisdiction of the following criminal cases:

"1. Petit larceny;

2. Assault and battery, not charged to have been committed upon a public officer in the discharge of his duties;

3. Breaches of the peace, riots, affrays, committing a wilfull injury to property, and all misdemeanors punished by fine not exceeding $300, or imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment." (See I.C. § 1–406, repealed S.L.1969, Ch. 111, § 12.)

Crimes were divided into two categories, felonies and misdemeanors. R.S. § 6310 (I.C. § 18–110).[5] A felony was defined to be a crime punishable by death or imprisonment in the Territorial prison, and every other crime was classified as a misdemeanor. R.S. § 6311 (I.C. § 18–111). Unless a different penalty was provided, every felony was punishable by imprisonment in the Territorial prison not exceeding five years, or by fine not exceeding five thousand dollars, or both. R.S. § 6312 (I.C. §

18–112, see n 4, supra). Similarly, unless a different penalty was provided for misdemeanors, they were punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding $300.00, or both. R.S. § 6313 (I.C. § 18–113, see n 4, supra).

Thus, during the constitutional convention of 1889, those attendant were aware of the distinction between felonies and misdemeanors. They were fully conversant with the fact that the justice of the peace courts and the probate courts had limited criminal authority to try petit larceny (a misdemeanor, R.S. § 7051), assault and battery (a misdemeanor, R.S. §§ 6728, 6730), breaches of the peace (a misdemeanor, R.S. §§ 6959, 6960), and those misdemeanor cases where a fine of not exceeding $300.00 or imprisonment in the county jail of not more than six months, or both, could be imposed.

In phrasing the provisions of Idaho Const. art. 1, § 8, the framers of the constitution were seeking to establish a distinction between lesser crimes, which could be handled by the mere filing of a complaint (using the phraseology "except in cases cognizable by probate courts or by justices of the peace"), and the more serious crimes. The principal issue before the convention at the time was not the distinction between the greater and lesser crimes, but was whether the procedure should be adopted whereby an accused could be charged by the procedure of information of a prosecutor filed with the court following a commitment by a magistrate. See 1 Idaho, Constitutional Convention, pps. 260–270, 272. However, the members of the conference clearly understood the distinction being drawn between the two

5. S.L.1971, Ch. 143, repealed what was designated as the "Penal Code" in Vol. 4 of Idaho Code, 1947, with effective date of such repeal being Jan. 1, 1972. S.L.1971, Ch. 143, enacted a new criminal code, therein designated as the "Penal and Correctional Code," effective Jan. 1, 1972.

The lifetime of the Penal and Correctional Code was extremely limited, for it was repealed by S.L.1972, Ch. 109, effective April 1, 1972. The original "penal code" was in effect re-enacted by S.L. 1972, Ch. 336, effective April 1, 1972.

See: I.C. § 18–104 of Penal and Correctional Code for classification of crimes and §§ 18–2205–2209, P.C.C., inclusive, for sentencing. These provisions were all repealed, S.L.1972, Ch. 109.

classes of cases, misdemeanors and felonies.[6]

The constitutional provision involved here is a portion of article 1 of the Idaho Constitution which is denominated as a "Declaration of Rights," and thus section 8 of that article must be considered in light of that denomination. Being a part of the "Declaration of Rights," an individual who is charged with a crime has the right to demand that in case he is being charged with a "felony or criminal offense" to be tried only "on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except * * * in *cases* cognizable by probate courts or by justices of the peace * * *." (Emphasis added.) This constitutional provision has reference to criminal *cases* and the right of an accused to demand that certain procedures be employed, depending upon the type of *case*, felony, criminal offense, or misdemeanor, in which he is involved. It is the conclusion of this Court that the framers of our constitution intended that the line of demarcation be drawn between

*cases* which can be considered as misdemeanors (as known at the time of adoption of the constitution) and other more serious crimes, i. e. felonies and criminal offenses of any grade, i. e. indictable misdemeanors.

The fact that our judicial system no longer provides for probate courts and courts of justices of the peace is immaterial insofar as the procedure for prosecution of misdemeanor cases is concerned. Of course, cases which are of a more serious nature (as determined by the harsher punishment which may be imposed) must be prosecuted either by the grand jury procedure or by commitment following preliminary examination before a magistrate.

It is therefore ordered that a permanent writ of mandate issue, directed to the defendant herein, commanding him to proceed with the arraignment of the defendant in the particular criminal case now pending in the magistrate's division of the District Court of the Fourth Judicial District for Boise County.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.

6. 1 Idaho Const. Convention, p. 278-279:

"SECRETARY reads: Section 8. No person shall be held to answer for any felony or criminal offense of any grade, unless on the presentment or indictment of a grand jury.

Mr. GRAY. That is what I have been fighting about a good while. You had the words stricken out, and now put them back in. These offenses—felony and those criminal offenses, won't ever get into probate or justices' courts. That is one thing I shall never understand about this, information of the public prosecutor; I don't believe anybody else will, and it certainly would not under our practice be known [sic]; but that has been passed upon, and I am not going to say anything about it. Certainly criminal offenses should be stricken out of that section.

Mr. BATTEN. Criminal offenses, properly cognizable by the probate courts, under the preservation of the section are still provided for, and so with justices of

the peace. A criminal offense that will be outside of the jurisdiction of the probate courts or justices of the peace would be reached by the section. I think practice falling within that jurisdiction will still fall under the jurisdiction of the probate court.

Mr. GRAY. The trouble is in both courts. Relative to just misdemeanors, they are indictable under our present law, and all criminal offenses unless presented; it will throw out all misdemeanors, and they have got to be presented by indictment. It will shut out the probate and justice courts entirely.

Mr. CLAGGETT. The subordinate portion of the section covers that. I made the same suggestion my friend does: 'after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts, by justices of the peace, and those arising in the militia.' They are excepted in the section."